# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **JOHN S. VANDERBOL III, and**<br>**ERICA QUINN,** | § | |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **Civil Action No.: 4:19-cv-119-SDJ-KPJ** |
| **v.** | § | |
| | § | |
| **STATE FARM MUTUAL AUTO INS. CO.,** | § | |
| ***et al.*,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs John S. Vanderbol III and Erica Quinn's (together, "Plaintiffs") Motion to Disqualify (the "Motion") (Dkt. 77). In the Motion, Plaintiffs seek to disqualify attorney Scott Philip Brinkerhoff ("Brinkerhoff") from representing State Farm Mutual Insurance Company and State Farm Fire and Casualty Company (collectively, the "State Farm Defendants") and Defendants Michael Tipsord, Jon Charles Farney, Randall Houston Harbert, Paul Joseph Smith, and Stephen Michael Wey (collectively, the "Individual Defendants") (State Farm Defendants and Individual Defendants collectively "Defendants") , alleging he "actively engaged in patterns of racketeering activity." *See* Dkt. 77. Plaintiffs further seek to disqualify attorney W. Neil Rambin ("Rambin") and the law firm of Drinker Biddle & Reath, LLP ("Drinker Biddle"), from representing the Individual Defendants, as Plaintiffs allege a conflict of interest exists. *See id.* Defendants State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Company, and the Individual Defendants (collectively, "Defendants") filed a response in opposition (Dkt. 82), and Plaintiffs filed a reply[1] (Dkt. 85). The Court held a hearing during

---

[1] Plaintiffs' reply is not in compliance with the Local Rules of the Eastern District of Texas. While the Court has considered Plaintiffs' reply, the Court directs Plaintiffs to Local Rule CV-7(a)(2): "Non-dispositive motions shall not exceed fifteen pages, excluding attachments, unless leave of court is first obtained. Likewise, responses to such motions shall not exceed fifteen pages, excluding attachments, unless leave of court is first obtained. *Any reply or sur-reply brief to an opposed non-dispositive motion filed pursuant to Section (f) of this rule shall not exceed five pages, excluding attachments*." Local Rule CV-7(a)(2) (emphasis added). Any future pleadings not in accordance with the Local Rules shall be struck.

which the Motion was addressed on November 4, 2019 (the "Hearing"). *See* Dkt. 91. Upon consideration, the Court finds Plaintiffs' Motion (Dkt. 77) is hereby **DENIED**.

# I. <u>BACKGROUND</u>

On February 13, 2019, Plaintiff John S. Vanderbol III, acting *pro se*, filed his Original Complaint (the "Complaint") (Dkt. 1) against the State Farm Defendants, alleging violations of the Racketeer Influenced and Corrupt Organizations Act, the Hobbs Act, the Clayton Act, the False Claims Act, the Texas Deceptive Trade Practices Act, the Texas Insurance Code, and the Texas Business and Commerce Code.[2] *See* Dkt. 1. The Complaint arises out of a February 17, 2017, fire loss to Vanderbol's residential property located at 605 Kiowa Drive West, Lake Kiowa, Texas 76240 (the "Property"). *See* Dkt. 27 at 1. Since initiating this suit, Plaintiffs have filed two amended complaints (Dkts. 15, 39) and—while seeking leave to file a third amended complaint—two "Rule 12.1 Civil RICO Case Statements" (Dkts. 73, 87). In their Second Amended Complaint, Plaintiffs alleged additional claims against the Individual Defendants. *See* Dkt. 39.

During the Rule 16 Management Conference on June 12, 2019, the Court admonished Plaintiffs' for their disrespectful communications with Defendants' counsel and reminded both parties that they are expected to be courteous, both to the Court and each other. *See* Dkt. 30. The Court further warned Plaintiffs against filing documents with the Court containing Defendants' counsels' names and personal attacks in its July 26, 2019, Report and Recommendation regarding Defendants' Motion to Declare Plaintiff a Vexatious Litigant. *See* Dkt. 47.

On September 5, 2019, the State Farm Defendants filed the Motion for Sanctions ("Motion for Sanctions") (Dkt. 67), alleging that Plaintiffs violated Federal Rule of Civil Procedure 11, by filing documents with the Court containing "vexatious personal attacks on Defendants' counsel" and making factual contentions lacking evidentiary support, including allegations that Defendants' counsel engaged in criminal activity. *See* Dkt. 67. On September 25, 2019, Plaintiffs filed the Motion, which contains additional

---

[2] On the same date, Plaintiff Erica Quinn filed a similar action against the State Farm Defendants. *See* Case No. 4:19cv120, Dkt. 1. These cases were consolidated by the Court on June 17, 2019. *See* Dkt. 33.

personal attacks against Defendants' counsel. *See* Dkt. 77. At the Hearing, the Court addressed the Motion and the Motion for Sanctions, and warned Plaintiffs that unsubstantiated personal attacks against Defendants' counsel would not be tolerated. *See* Dkt. 91. Plaintiffs agreed to withdraw all derogatory references to Defendants' counsel and/or allegations that Defendants' counsel participated in criminal activity in their case filings, and to refrain from making any such additional filings in this case.[3] *See id.*

## II.    LEGAL STANDARD

The Fifth Circuit has "made clear that 'disqualification cases are governed by state and national ethical standards adopted by the court.'" *FDIC v. U.S. Fire Ind. Co.*, 50 F.3d 1304, 1311–12 (5th Cir. 1995) (quoting *In re Am. Airlines, Inc.*, 972 F.3d 605, 610 (5th Cir. 1992)). In the Fifth Circuit, when considering disqualification of an attorney, district courts generally rely upon the following: (1) the local rules in the district; (2) the American Bar Association's ("ABA") Model Rules of Professional Conduct; (3) the ABA's Model Code of Professional Responsibility; and (4) the state rules of conduct. *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001); *Ayus v. Total Renal Care, Inc.*, 48 F. Supp. 2d 714, 714 (S.D. Tex. 1999). The party seeking to disqualify an attorney bears the burden of proving that disqualification is warranted. *See Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 646 F.2d 1020, 1028 (5th Cir. Unit B June 1, 1981). Beyond the various rules and codes identified above, "[a] court should be conscious of its responsibility to preserve a reasonable balance between the need to ensure ethical conduct on the part of lawyers appearing before it and other social interests, which include the litigant's right to freely chosen counsel." *Woods v. Covington Cty. Bank*, 537 F.2d 804, 810 (5th Cir. 1976) (citing *Emle Indus., Inc. v. Patentex, Inc.*, 478 F.2d 562, 564–65 (2d Cir. 1973)).

---

[3] As stated in the Court's November 12, 2019, Order, Plaintiffs are ordered to "file a notice identifying all filings containing derogatory references regarding Defendants' counsel or accusations that Defendants' counsel engaged in any criminal activity and instructing the Clerk of Court to withdraw such filings." Dkt. 95. While the Court acknowledges that the Motion clearly contains references to and accusations against Defendants' counsel, this will be the last Motion the Court decides that contains such language. Any future filing containing personal attacks or accusations against Defendants' counsel shall be struck and monetary sanctions shall be imposed. *See* Dkt. 95.

In the Eastern District of Texas, "the standards of professional conduct adopted as part of the Rules Governing the State Bar of Texas shall serve as a guide governing the obligations and responsibilities of all attorneys appearing in this court." Local Rule AT-2. In Texas, disqualification is a "severe remedy." *NCNB Tex. Nat'l Bank v. Coker*, 765 S.W.2d 398, 399 (Tex. 1989). Motions to disqualify are subject to an exacting standard both to protect a party's right to counsel of choice as well as to discourage the use of such motions as a "dilatory trial tactic." *Id*.

### III.  <u>ANALYSIS</u>

Plaintiffs argue that Brinkerhoff should be disqualified from representing any of the Defendants, alleging that he is "a 'third-party' employee of an enterprise," he "actively engaged in 'patterns of racketeering activity'" and in Defendant State Farm Mutual Automobile Insurance Company's "entity fraud scheme," and that he engaged "in acts of organized crime, as defined by Texas statute." *See* Dkt. 77 at 1. Plaintiffs further argue that Rambin and Drinker Biddle should be disqualified from representing the Individual Defendants, since Plaintiffs assert their claims are "derivative in nature," and thus, there is a conflict of interest between the State Farm Defendants and the Individual Defendants. *See id*. at 3. Defendants respond that Plaintiffs' allegations against Brinkerhoff are baseless and a violation of Federal Rule of Civil Procedure 11. *See* Dkt. 82 at 1– 2. Further, Defendants argue Plaintiffs have not asserted any derivative claims, and thus, there is no conflict in all Defendants being represented by the same counsel. *See id*. at 1.

The Court has evaluated the substance of Plaintiffs' allegations, rather than the form. In its findings herein, the Court has been mindful that *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Tasso v. Onemain Fin., Inc.*, No. 4:15-cv-484, 2016 WL 410024, at *1 (E.D. Tex. Feb. 3, 2016).

## A. COUNSEL BRINKERHOFF

Plaintiffs allege Defendants used Brinkerhoff in "the execution of the 'enterprises' fraud schemes" and racketeering activities, and thus Brinkerhoff should be disqualified. *See* Dkt. 77 at 4. Defendants argue that Plaintiffs have not identified a single instance when Brinkerhoff's actions were unethical or criminal, and thus, the Motion is baseless and should be denied. See Dkt. 82 at 7–8.

Determining whether counsel should be disqualified is a fact-specific inquiry. *See Brennan's Inc. v. Brennan's Rests., Inc.*, 590 F.2d 168, 173–74 (5th Cir. 1979). Under Fifth Circuit precedent, attorney disqualification is "a sanction that must not be imposed cavalierly." *FDIC*, 50 F.3d at 1316. As stated at the Hearing and in the Court's November 12, 2019, Order, Plaintiffs' allegations against Brinkerhoff are unsubstantiated. *See* Dkts. 91, 94. Plaintiffs have offered no evidence in support of their allegations against Brinkerhoff tending to show that he is involved in any criminal or unethical activity. Because the Court finds that Plaintiffs' allegations against Brinkerhoff are without merit, Plaintiffs' Motion to Disqualify Brinkerhoff is **DENIED**.

## B. INDIVIDUAL DEFENDANTS' COUNSEL

Plaintiffs claim the "derivative" nature of their claims against Defendants creates an inherent conflict of interest between the Individual Defendants and the State Farm Defendants that requires the disqualification of Rambin and Drinker Biddle. *See* Dkt. 77. Defendants argue Plaintiffs have not asserted any derivative claims, and thus, there is no conflict of interest between the Individual Defendants and the State Farm Defendants. *See* Dkt. 82.

Rule 1.06 of the Texas Disciplinary Rules of Professional Conduct states:

(a) A lawyer shall not represent opposing parties to the same litigation.
(b) In other situations and except to the extent permitted by paragraph (c), a lawyer shall not represent a person if the representation of that person:

> (1) involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client of the lawyer or the lawyer's firm; or
>
> (2) reasonably appears to be or become adversely limited by the lawyer's or law firm's responsibilities to another client or to a third person or by the lawyer's or law firm's own interests."

TEX. DISCIPLINARY R. OF PROF'L CONDUCT 1.06. Plaintiffs allege the Individual Defendants' interests are materially and directly adverse to the interests of the State Farm Defendants because Plaintiffs' claims against the Individual Defendants are "derivative in nature." *See* Dkt. 77. However, the Court does not find that Plaintiffs have pled any derivative claims.

Under Federal Rule of Civil Procedure 23.1, derivative actions are claims brought "to enforce a right that the corporation or association may properly assert but has failed to enforce." FED. R. CIV. P. 23.1(a). Therefore, the claims brought by a plaintiff in a derivative suit belong to the corporation, not the plaintiff. *See Ross v. Bernhard*, 396 U.S. 531, 538 (1970). "The proceeds of the [derivative] action belong to the corporation and it is bound by the result of the suit." *Id.* In order to bring a derivative action, the plaintiff must file a verified complaint. *See* FED. R. CIV. P. 23.1(b).

Though Plaintiffs have alleged in the Motion that they are shareholders in Defendant State Farm Mutual Automobile Insurance Company, Plaintiffs have not brought a derivative action. *See* Dkt. 77 at 2. None of Plaintiffs' complaints, including their Second Amended Complaint, have been verified, as is required by the Federal Rules of Civil Procedure for a derivative action. *See* FED. R. CIV. P. 23.1(b). Further, Plaintiffs seek damages for themselves instead of on behalf of the State Farm Defendants. *See* Dkt. 39 at 68–69.

Because Plaintiffs have not brought any derivative claims, the Court finds that there is no conflict of interest that would prevent Defendants' counsel from representing both the Individual

Defendants and the State Farm Defendants. Plaintiffs' Motion to Disqualify Rambin and Drinker Biddle is therefore **DENIED**.

## IV.    CONCLUSION

Based on the foregoing, the Court finds that Plaintiffs' Motion (Dkt. 77) is hereby **DENIED.**

**So ORDERED and SIGNED this 18th day of November, 2019.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE