IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN S. VANDERBOL III AND ERICA QUINN, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO.: 4:19-CV-00119-ALM-KPJ |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM FIRE AND CASUALTY COMPANY, MICHAEL TIPSORD, JON CHARLES FARNEY, RANDALL HOUSTON HARBERT, PAUL JOSEPH SMITH, AND STEPHEN MICHAEL WEY, | § § § § § § § § § | (Consolidated matter 4:19-CV-00120) |
| Defendants. | § | |

## DEFENDANTS' RULE 11 MOTION FOR SANCTIONS AND BRIEF IN SUPPORT

Defendants State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Company, Michael Tipsord, Jon Charles Farney, Randall Houston Harbert, Paul Joseph Smith, and Stephen Michael Wey (collectively, "Defendants") file this Motion for Sanctions and Brief in Support against Plaintiffs John S. Vanderbol III ("Vanderbol") and Erica Quinn (collectively, "Plaintiffs") pursuant to Federal Rule of Civil Procedure 11.

### I.   BACKGROUND

1.   On September 5, 2019, Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company filed a Motion for Sanctions against Plaintiffs due, among other things, to Plaintiffs' unsubstantiated and unfounded allegations of criminality against Defendants and their counsel.[1]

---

[1] Dkt. 67.

2. On November 4, 2019, the Court heard various motions in this case, including the Motion for Sanctions (the "Hearing"). At the Hearing, Plaintiffs agreed to withdraw all derogatory references to Defendants' counsel and any allegations that Defendants' counsel participated in criminal activity in their case filings.[2] The Court's November 14, 2019, Report and Recommendation stated:

> Because the Court is ordering Plaintiffs to comply with this agreement, the Court finds no additional sanctions are necessary at this time. However, the Court again warns Plaintiffs that any future bad acts or personal attacks against Defendants' counsel will not be tolerated and shall result in monetary sanctions. . . . Plaintiffs are further cautioned that any future filing with the Court containing personal attacks or accusations against Defendants' counsel shall be struck and monetary sanctions shall be imposed.[3]

3. Despite the Court's November 14, 2019, Report and Recommendation and other warnings from the Court, Plaintiffs' filings with the Court since that time contain a litany of unsubstantiated criminal accusations against Defendants and their counsel. These accusations have no evidentiary support whatsoever. The same is true of various other factual allegations made against Defendants in Plaintiff's Third Amended Complaint (the "Complaint"). Accordingly, Plaintiffs have continued to violate Rule 11, and the Court should impose appropriate sanctions against Plaintiffs.

## II. ARGUMENTS & AUTHORITIES

**A. Rule 11 Standard**

4. Federal Rule of Civil Procedure 11 provides the following:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney **or unrepresented party** certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or

---

[2] *Id.*; *see also* Dkt. 95.
[3] Dkt. 95.

> needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b) (emphasis added). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). The standard for deciding whether sanctionable conduct has occurred is objective: Did the party make a reasonable inquiry into the facts and law before signing and presenting the offending document? *See* Fed. R. Civ. P. 11(b); *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1366-67 (Fed. Cir. 2012). The "reasonableness" of the inquiry is based on the party's objective knowledge or belief at the time of the filing as to whether the claim was well grounded in law and fact. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1364-65 (9th Cir. 1990) (holding that Rule 11 calls for intensely fact-bound inquiry, and bright-line rules are not appropriate). The court can impose sanctions if a document has been presented for an improper purpose such as to harass. Fed. R. Civ. P. 11(b)(1); *Mercury Air Grp. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001); *Sheets v. Yamaha Motors Corp.*, U.S.A., 891 F.2d 533, 537 (5th Cir. 1990).

**B.     Rule 11 Grounds**

5.      Federal courts can impose sanctions if a party's factual contentions lack evidentiary support or are unlikely to have evidentiary support after a reasonable opportunity for investigation or discovery. Fed. R. Civ. P. 11(b)(3); *Mercury Air Grp.*, 237 F.3d at 548.

> i. **Plaintiffs' factual contentions regarding alleged criminality by Defendants and their counsel lack evidentiary support.**

6. In their Complaint, Plaintiffs generally allege that the Defendants Michael Tipsord, Jon Charles Farney, Randall Houston Harbert, Paul Joseph Smith, and Stephen Michael Wey (collectively, the "Individual Defendants") masterminded a "conspiracy" to operate various State Farm entities as a "criminal enterprise" in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").[4] The Complaint did not set forth facts in support of Plaintiffs' RICO allegations against Defendants, and Defendants filed a Motion to Dismiss the Complaint based in part on Plaintiffs' failure to state a claim upon which relief can be granted. That Motion to Dismiss is pending before the Court.

7. If Plaintiffs had acted as a reasonably prudent person and conducted a reasonable inquiry into the facts and law before signing the Complaint, they would not have made such allegations, as no facts exist to support a claim that any of Defendants participate in a conspiracy to operate any State Farm entity as a "criminal enterprise." Nevertheless, Plaintiffs were not dissuaded from making numerous accusations of criminality against Defendants in the Complaint. These accusations include, but are not limited to, the following acts of criminality: trespass,[5] theft,[6] wire and mail fraud,[7] bank fraud,[8] extortion,[9] money laundering,[10] racketeering,[11] and robbery.[12] In fact, Plaintiffs even assert several alleged violations of the Texas Penal Code.[13] Additionally, there is no factual basis for alleging that the Individual Defendants concocted and/or directed the

---

[4] Dkt. 99.
[5] Dkt. 99, ¶ 196.
[6] Dkt. 99, ¶ 193.
[7] Dkt. 99, ¶ 8.
[8] Dkt. 99, ¶¶ 8
[9] Dkt. 99, ¶ 4.
[10] Dkt. 99, ¶ 18.
[11] Dkt. 99, ¶ 4.
[12] Dkt. 99, ¶¶ 8
[13] Dkt. 99, ¶¶ 11, 25, 199, 304.

alleged conspiracy. It is clear that the Individual Defendants were added to this suit for harassment purposes only.

8. Like the court in *Wessels*, this Court should find that Plaintiffs' unfounded and undignified allegations of criminality against Defendants were vexatiously made in bad faith, violate Rule 11, and warrant the imposition of appropriate sanctions against Plaintiffs.

### ii. Plaintiffs' other factual contentions in the Complaint lack evidentiary support.

9. The vast majority of the Complaint is comprised of legally and factually conclusory allegations. Of those allegations that are arguably not conclusory, most relate to the issuance of the insurance policy at issue in this case (the "Policy") by State Farm Lloyds, which is not a Defendant in this case, and handling of Plaintiffs' insurance claim under the Policy as a result of the fire loss to Plaintiffs' residential property (the "Property"). These allegations, however, are irrelevant, as State Farm Lloyds is not a party to this case, and they also lack evidentiary support in violation of Rule 11 as set forth below

### a. Plaintiffs' unsupported "bait and switch" claims

10. The Complaint describes Defendants' alleged "bait and switch" as follows:

> From 2012 through 2018, conducted in order to use in commerce, the like a good neighbor' national advertising campaign which in connection with the goods, products, and services, abused the trade names, marks, symbol, names and devices owned by State Farm Mutual Automobile Insurance company in a manner to falsely portray State Farm as one company, misrepresenting the fact that each product 'sold' by the third-party agent network managed by State Farm Mutual Automobile Insurance Company is in fact **sold and issued by a company of significant lesser asset value, and a higher risk product** than one fully indemnified by the total assets of State Farm Mutual Automobile Insurance Company.[14]
>
> . . .

---

[14] Dkt. 99, ¶ 45.

**DEFENDANTS' RULE 11 MOTION FOR SANCTIONS AND BRIEF IN SUPPORT**     **PAGE 5**
121683001.1
216849-587801

> The products bought and paid for consisted of one automobile insurance product issued and delivered by State Farm Mutual Automobile Insurance Company, and the other materially misrepresented product that was advertised by, promoted by, and offered by the RICO violating enterprise, but never delivered, as sold. **The 'switched' product was a homeowners policy of lesser value, and issued by an independent, materially separate and financially less stable company, State Farm Lloyds**, which the Defendants illegally delivered to the Plaintiffs via the US Postal Service on or about April 12, 2016.[15]

Plaintiffs do not cite any evidence to show that policies issued by State Farm Lloyds are "higher risk" or that State Farm Lloyds is a "less stable" company such that it adversely affected the handling of Plaintiffs' fire loss claim.

11. Contrary to Plaintiffs' allegations, a reasonably prudent inquiry into State Farm Lloyds' financial position would have revealed that State Farm Lloyds was capable of fully responding to Plaintiffs' fire loss claim. The National Association of Insurance Commissioners ("NAIC") reports that the State Farm Lloyds' Capital and Surplus (i.e., assets over liabilities) last year totaled $1,695,291,633.[16] The Texas Department of Insurance ranks State Farm Lloyds as the largest writer of homeowners insurance in the State of Texas, with nearly 20% of the market share.[17]

12. Plaintiffs not only misrepresent State Farm Lloyds' financial position, but they fail to explain how it allegedly affected State Farm Lloyds' handling of Plaintiffs' claim. In the absence of such a nexus, Plaintiffs' allegations regarding State Farm Lloyds' financial position serve no purpose other than falsely besmirch State Farm Lloyds' reputation. Thus, Plaintiffs' allegations lack evidentiary support and are harassing in violation of Rule 11.

---

[15] Dkt. 99, ¶ 151.
[16] Ex. A.
[17] Ex. B.

### b. Plaintiffs' unsupported robbery/spoliation claims

13. Other allegations relate purely to claims handling activities that pertain only to State Farm Lloyds, yet Plaintiffs assert these allegations against Defendants without any evidentiary support. For example, Plaintiffs allege that, after the fire loss, the following took place:

> Committed the predicate act of **robbery of Plaintiffs' property in order to illegally obtain and then destroy Plaintiffs' property** in order to inhibit the Plaintiffs' ability to bring litigation against the Defendants' enterprises.[18]
>
> . . .
>
> On or about April 7th, 2017, **Defendant Lloyds**, third party agent participating without disclosure agent 1 acting along with Defendants' enterprises' employee Pedroso, and Randy and Shelly Baker (negligent builders insured by state farm ), and unidentified others illegally trespassed onto Plaintiffs' property without their consent or notice, and **robbed the Plaintiffs of personal property constituting a fireplace**, which was the source of the fire event caused by the negligence of the builders, Randy and Shelly Baker.[19]
>
> . . .
>
> The **Defendants' theft of Plaintiffs' personal property (Fireplace) through the Defendants' frauds and criminalities** in attempts to enforce the terms and conditions of the fraudulently sold bait and switch' product.[20]

14. This allegation lacks evidentiary support for three reasons. First, as discussed above, Plaintiffs' unsubstantiated criminal accusation of robbery is totally without merit. Second, Plaintiffs have been advised multiple times that: (1) the Policy contains a subrogation provision,[21] and Plaintiffs signed a subrogation agreement;[22] (2) the fireplace was removed from the Property pursuant to said subrogation provision and agreement; and (3) the fireplace has not, in fact, been

---

[18] Dkt. 99, ¶ 13.
[19] Dkt. 99, ¶ 196.
[20] Dkt. 99, ¶ 218.
[21] Dkt. 1-2, p. 13 of 24.
[22] Dkt. 99, ¶ 11.

destroyed, is being held in storage, and has been made available to Plaintiffs for inspection.[23] Third, even if such allegation were assumed to be true, there is no basis for making a robbery or spoliation allegation against Defendants, which neither issued the Policy nor handled Plaintiffs' insurance claim.

### c. Plaintiff's unsupported claim for a policy with $5 million limits

15. Another example is Plaintiffs' allegation that the Policy was supposed to have limits of $5 million. Plaintiffs allege in the Complaint:

> Plaintiffs relied on Defendants' continuous promises prior to the February 17th, 2017, fire event in which Defendants clearly stated 'state farm has you covered for $ 5 Million in losses to your property.[24]
>
> . . .
>
> On or about 12 April 2016, Plaintiffs received a contract sent by Defendant Auto, fraudulently delivered via the United States Postal Service mail, which contained the 'switch' Lloyds homeowners product valued at only $814,000, instead of the $5 Million State Farm Fire and Casualty Homeowners policy shown to, and sold to the Plaintiff.[25]
>
> . . .
>
> Defendants had no intention abide by their previous gratuitous statements, or assurances to pay for Plaintiffs' property losses up to $5 Million.[26]

16. Plaintiffs knew or should have known that these allegations have no evidentiary support. Defendants did not issue the Policy, which clearly states on its face that it was issued by State Farm Lloyds. Also, there is no evidence that whoever sold the Policy to Plaintiffs was acting

---

[23] Ex. C.
[24] Dkt. 99, ¶ 13.
[25] Dkt. 99, ¶ 26.
[26] Dkt. 99, ¶ 26.

on behalf of Defendants. At most, this sets out a potential claim against State Farm Lloyds, not Defendants.

### III.     COMPLIANCE WITH RULE 11(c)(2)

17. Defendants served Plaintiffs with the foregoing Motion on February 3, 2020. The Motion was not filed until more than 21 days after service. Accordingly, Defendants have complied with Rule 11(c)(2).

### IV.     PRAYER

18. Defendants pray that the Court grant their Rule 11 Motion for Sanctions, impose sanctions against Plaintiffs as the Court deems appropriate, and award Defendants any and all relief, at law or in equity, to which they are justly entitled.

Respectfully Submitted,

*/s/ Scott P. Brinkerhoff*
W. NEIL RAMBIN
ATTORNEY-IN-CHARGE
State Bar No. 16492800
rambindocket@faegredrinker.com
SCOTT P. BRINKERHOFF
State Bar No. 24069419
scott.brinkerhoff@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2500
(469) 327-0860 (fax)

**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was served on all counsel of record in accordance with the Federal Rules of Civil Procedure on February 25, 2020.

*/s/ Scott P. Brinkerhoff*
SCOTT P. BRINKERHOFF