## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS - SHERMAN DIVISION

| | |
|---|---|
| **JOHN S. VANDERBOL III, AND ERICA QUINN**<br>　　　　Plaintiffs,<br><br>vs.<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM FIRE AND CASUALTY COMPANY, ET AL.**<br>　　　　Defendants | Lead Case No.: 4:19-cv-119-SDJ-KPJ<br><br>(Consolidated 4:19-CV-120)<br><br><br>JURY TRIAL DEMANDED. |

## PLAINTIFFS' MOTION FOR RELIEF DUE TO EXCUSABLE NEGLECT AND BRIEF IN SUPPORT

Now here comes, Plaintiffs Quinn and Vanderbol, acting Pro Se, and does file Plaintiffs' Motion for Relief Due to Excusable Neglect and Brief in Support. Plaintiffs also jointly file their redacted Complaint as ordered, and the ordered courtesy copy of said redacted Complaint. The Plaintiffs do show the court:

## NOTICE OF QUARANTINE

Plaintiffs have been in quarantine and undertaken every effort to comply with the Court's orders and to ensure the health and safety of others. As further stated below, due to events directly tied to the Defendants' prior activities, Plaintiff Vanderbol was forced to attend business meetings overseas. Upon return from overseas travel, Plaintiff Vanderbol was diverted to Los Angeles International Airport and subjected to a 10-hour delay in travel. Plaintiff Vanderbol returned to DFW at 0100 on March 6th 2020, and by Sunday, March 8th 2020 was exhibiting symptoms of COVID-19 exposure. Acting under the direction of the State of Texas Center for Disease Control, Plaintiff Vanderbol self-quarantined while awaiting information on testing, and while exhibiting increasing symptoms, which began to abate on March 14th, 2020.

Plaintiff Vanderbol was directed to self-quarantine until March 20th 2020, yet the Court ordered the Plaintiffs to respond to the Defendants' Motions for Sanctions by March 19th 2020. Plaintiffs have undertaken every precaution to assure the documents submitted to the Court have been sanitized according to guidelines provided to them by federal and state Centers for Disease Control. Due to Plaintiff Vanderbol's exposure and quarantine, Plaintiff Quinn was quarantined until March 18th, 2020 and did not show symptoms of exposure to the coronavirus.

## NOTICE OF EFFORT TO OBTAIN CONSENT.

Plaintiffs contacted Opposing Counsels regarding the filing of the Redacted Complaint and Courtesy Copy in a series of emails from March 9th to March 10th, 2020 and Opposing Counsel stated "we understand and appreciate your efforts to correct these things and to comply with the court's orders and under certain circumstances may not object to the filing of a corrected new complaint." Plaintiffs undertook every effort to obtain consent of the Opposing Counsel to file this Motion, but as usual, the conversation devolved into Defendants' attempt to coerce the Plaintiffs into making statements, which Plaintiffs could not support.

## OVERVIEW.

In an order filed March 5th, 2020, the Court referenced an order directing the Plaintiffs to redact two defendants from the Plaintiffs' Third Amended Complaint by February 11th 2020, and to deliver to the Court a "Courtesy Copy" of said Redacted Document by February 14th, 2020. The Plaintiffs did not receive the order referenced by the Court until March 6th, 2020.

On January 28th, 2020, Plaintiff Vanderbol filed a *"Notice of Unavailability"* **Doc. 125** to this Honorable Court by USPS mail. The document was filed into the Court record on Feb. 3rd, 2020. Within the "Notice", Plaintiff Vanderbol stated he would be traveling on business internationally and as such, would not have access to the federal.case@3pmg.net email account used by the Court to service notice to Plaintiff Vanderbol. Plaintiff Vanderbol also noticed the Honorable Court that he would not be geographically able to make any filings to the Court due to international travel to conduct business. Plaintiff Vanderbol stated within the Notice, he would return and be able to respond, and attend hearings on March 9th, 2020. Plaintiff Quinn has previously stated she has no access to Plaintiff Vanderbol's email account, and is not receiving service in this matter from the Court or the Defendants as further elaborated within this Motion.

On March 18th 2020, Plaintiffs attempted to file documents as ordered by the Court in a timely manner once notice was received by the Plaintiffs upon the return of Plaintiff Vanderbol. Plaintiffs attempted to file and / or deliver to the Court (*See: Exhibit 1*):

1. Response to Defendants' Motion for Sanction
2. Motion for Relief Due to Excusable Neglect.
    a. Affidavit of Quinn
    b. Affidavit of Vanderbol
3. Redacted Third Amended Complaint – as ordered, with relief requested under Excusable Neglect
4. Redacted Brief in Support of the Third Amended Complaint – also ordered, as above
5. Courtesy Copy of Redacted Third Amended Complaint – as ordered, as above.

      a. Binder 1 - Redacted Third Amended Complaint
      b. Binder 2 – 31 Exhibits to Redacted Third Amended Compliant
6. Certificate of Compliance.

Due to actions to ensure the safety of the Court and to prevent the potential spread of an un-known pathogen taken by the United States Marshall's Office and the Court Clerk's Office, the Plaintiffs were prohibited from filing the aforementioned documents and were informed the Court would be issuing an order of extension. The Court issued said order on March 20th, 2020 and the Presiding Judge issued a General Order on March 25th, 2020. The Plaintiffs were informed of the new General Order on March 27th, 2020 by Assistant Deputy in Charge, Sherman Division, Lori Stover and have filed the aforementioned documents in accordance with the General Orders issued by the Honorable Rodney Gilstrap.

### *Overview of Activities leading to the Requirement of Filing this Motion.*

A.      <u>Plaintiffs' efforts to recover business losses resultant from Defendants' Frauds and Schemes.</u>

Defendants, without showing any basis of fact, continue to state the Plaintiffs' allegations are damaging to the Defendants. Factually and as alleged, and supported within the Complaint, Defendant Auto's fraudulent reporting into underwriting databases injured the Plaintiffs' businesses more than $25 Million. The Plaintiffs' businesses have been graphically injured by the frauds, crimes, and intentional delays instituted by the Defendants, and the Plaintiffs have actively engaged in activities to prevent a total loss of all investments made in said business operations. Since February of 2017, the Plaintiffs have attempted to recover from the losses suffered by them, and acted diligently to resurrect business operations which have already suffered great losses, without realizing a 'total loss' of investments, opportunities and relationships.

From 2017 through 2019, the Plaintiffs have actively engaged business partners in order to salvage the remnants of their business interests and properties, while attempting to get the Defendants to conduct themselves professionally, and in context to the promises made to the Plaintiffs over a period of several years. Plaintiff Vanderbol has been under increasing pressure to attend face to face meetings overseas in order to discuss resolutions, resolve complications and / or abandon business investments / operations resultant from Defendant Auto's fraudulent reporting, and injuries suffered by the Plaintiffs due to the frauds, extortions, and other criminalities of the Defendants as alleged within the Complaint. Defendant Auto, with knowledge and in support and participation of the 'state farm group' racketeering enterprises schemes, declared the Plaintiffs to be "high risk" and "at fault" for the injuries suffered by the Plaintiffs

due to the acts of fraud, negligence, and purposeful criminal activity conducted by the 'state farm group' association-in-fact racketeering enterprises.

In late 2019, Plaintiffs were offered an ultimatum by their business partners, suppliers, and supporters to 'move forward' or to 'cut losses' regarding the products and goods which were ready for market at the time of the 2017 fire event. Accordingly, during the first three weeks of January, Plaintiff Vanderbol was frantically attempting to meet requirements of business, and maintain this matter. From January 11th through March 9th 2020, as stated within his notice, Plaintiff Vanderbol had no access to the lone terminal that is connected to the federal.case@3pmg.net email account which this Court uses to provide service to Plaintiff Vanderbol.

Plaintiff Vanderbol took good effort and diligence to notice the Court for good cause he would not be able to receive notice and due to the Court's restriction on filing electronically, not be able to file a response until his return and his absence was due to circumstances beyond his reasonable control. There are no grounds provided within the Federal Rules of Civil Procedure to notice a court of a party's inability to engage for a short period of time. Plaintiffs knew, due to past performance, they could not rely on the Defendants to engage in professional or courtesy conduct during Mr. Vanderbol's forced absence from Texas, and the United States.

Additionally, Plaintiff Quinn, on multiple occasions, have noticed the Defendants of the requirement to inform her of filings, and activities as Mr. Vanderbol is not acting as her counsel, but is acting as a Pro Se Co-Plaintiff, as the Court combined the Plaintiffs' Cases under Court Order. Plaintiff Quinn has not received accurate or reoccurring service from the Court Clerk's office via mail and the Court Clerk's service notice via email received by Plaintiff Vanderbol clearly states "Plaintiff Quinn is not electronically served" which is notice to both the Defendants and the Court of a failure of service. All of these issues contributed to missed deadlines for filing that are largely beyond the control of the Plaintiffs, who undertook every reasonable act to notice all parties and the Court of the possibilities of issues should there be any activity in the case while Plaintiff Vanderbol was beyond the geographical ability to perform in this matter.

### Legal Argument.

***Rule 6(b)(1)(B)*** provides that for any act that must be done by a party to a federal court proceeding within a specified time frame, the court may "for good cause, extend the time…after the time has expired

if the party failed to act because of excusable neglect." *Fed. R. Civ. P. 6(b)(1)(B)*. Second, *Rule 60(b)(1)* provides for a party or their legal representative to obtain relief from an adverse judgment of a federal court for "mistake, inadvertence, surprise or excusable neglect." *Fed. R. Civ. P. 60(b)(1).* Theoretically, a *Rule 60* motion can be filed at any time, however it must be filed within one year from the entry of a judgment *Fed. R. Civ. P. 60(c)(1)*.

Plaintiff Vanderbol undertook on his own accord to notice this Court in a timely manner of his absence once said absence was known to him, which was on January 27th, 2020. Plaintiff Vanderbol served a notice to the Court via USPS mail, and generally speaking, service is complete upon submission to the postal system. Therefore, the notice of the Plaintiff to the Court of his absence preceded the Orders of the Court, and as stated by Plaintiff Vanderbol, he did not get notice of the Court's Report and Recommendation until after his return or he would have filed an objection due to the Court's error in failing to notice the Complaint was jointly filed by the Plaintiffs. A careful review of the docket shows the Plaintiffs to be 'early filers', typically submitting motions and filings to the Court significantly ahead of deadlines. Plaintiff Vanderbol reviewed the Court's local rules and the Federal Rules of Civil Procedure and filed a Notice to the Court. The Court reviewed the Notice and ordered it struck as a 'vacation notice' which clearly the Notice was not a 'vacation notice'.

Plaintiff may have committed some form of negligence in filing said notice, but were neither prohibited from noticing the court, or provided a viable rule to file said Notice. Notably, the Court's local rules and the Federal Rules of Civil Procedure do not address in any manner the requirements to or provide provisions for a Pro Se party to notice a Court of professional requirements placed upon them which require their absence from the Court's jurisdiction. Further, the Court's local rulings prohibit a Pro Se party from having access to the Court's e-File system to monitor or file into cases when a Pro Se party is required to travel beyond their ability to access computer terminals either tied to the Court, maintained by the Court, or email accounts bound to a specific computer terminal.

The unique nature of a Pro Se party is not considered in the Court's local orders or the Federal Rules of Civil Procedure. Directly, Pro Se parties do NOT have paralegals to monitor cases, nor do they have support staff in any manner. Factually, an unlicensed party is prohibited from providing any legal assistance to a Pro Se Party, and Pro Se Parties are prohibited from undertaking any 'legal' activity on behalf of another Pro Se Party without licensure and admittance to practice law before a Court[1]. It is hard

---

[1] Referencing the times when a Pro Se Party may be a licensed attorney and may undertake a 'limited appearance'

to determine what level of 'negligence' the Pro Se Plaintiffs engaged in. Simply there is no guidance on the subject and parties are advised by the American Bar Association to simply 'file a notice', which Plaintiff Vanderbol did. It is clear, the Pro Se Plaintiffs acted in good faith, and practiced clear and concise communication skills with the Court, the Defendants and Opposing Counsels on this subject.

Review shows the Plaintiffs to be diligent and considerate in their filings, seeking timely permission of the Court to file, and seeking extensions in time when the objectives of the case, and the Court's directives are in conflict due to the process of the case which is resultant from the stay and the Defendants' repetitive and frivolous dispositive motions. "*Excusable neglect is an equitable doctrine, without a precise definition in the Federal Rules*." ***Pioneer Investment Services Co. v. Brunswick Associates, Ltd. Partnership***, 507 U.S. 380, 395 (1992). Luckily, the U.S. Supreme Court provided guidance on what constitutes excusable neglect in the *Pioneer* case, where the Court laid out a four-factor balancing test for what constitutes excusable neglect under either ***Rule 6*** or ***Rule 60***. In a passing reference endorsing the standard of excusable neglect enunciated by the court below, the factors to be considered in excusable neglect[2] are (in no particular order):

1. Whether the delay in filing was within the reasonable control of the movant;
2. The length of the delay and the delay's potential impact on judicial proceedings;
3. The danger of prejudice to the non-moving party; and
4. Whether the movant acted in good faith.

### Plaintiffs' request for relief should be granted.
#### 1. Good Cause exists to grant the Plaintiffs' Relief Requested.

Plaintiffs have attempted, on several occasions, to bring to the Court's attention the Defendants' pattern of conduct. Plaintiffs have previously stated their concern due to Defendants' less than ethical and deceptive behavior exhibited during meetings, correspondence, and conversations. Factually, the

---

[2] But if excusable neglect must be neglect, it must also be excusable. Pioneer's four-part test isn't just a black box into which we throw (1) prejudice to the adverse party, (2) the length of the delay, (3) the reason for the delay, and (4) the good faith of the movant, and accept whatever comes out. When all the weighing and balancing is done, we must have something we can say with a straight face is excusable. Factors one, two and four will almost always cut one way: Delays are seldom long, so prejudice is typically minimal. Bad-faith delay is rare, given that we're only dealing with "neglect," not deliberate flouting of the rules, **see *Pioneer*,** 507 U.S. at 387-88, 113 S.Ct. 1489. **See *Laurino v. Syringa Gen. Hosp.*,** 279 F.3d 750, 758 (9th Cir.2002) (Kozinski, J., dissenting). Most of the work, then, is done by factor three, the most important one, see, e.g., ***Lowry v. McDonnell Douglas Corp.*,** 211 F.3d 457, 463 (8th Cir.2000), which may balance out any findings under the other factors: The greater the delay, the prejudice to the adverse party and the movant's bad faith, the better a reason the movant must show for having missed the deadline

behavior has been so outrageous and baffling it raised a level of conflict and question between the Plaintiffs, which resulted in the 'work product' recording of a meeting between both Pro Se Plaintiffs and the Multiple Individual and Multiple Corporate Defendants' Counsel. This resulted in the Court's Hearing on said subject despite the Parties' pre-existing agreement to exchange a copy of said recording. Flatly, Plaintiffs cannot and shall not rely upon any 'courtesy' agreement between the Parties as the Defendants fail to exhibit any good faith, or ability to act in a non-hostile manner.

Under the Court's order, the Pro Se Plaintiffs have been ordered to file joint petitions, motions, and complaints, which has created a conflict between the Plaintiff parties on many occasions. Plaintiff Vanderbol states, he is NOT in the unlicensed practice of law, and undertook every reasonable effort to inform all parties of his absence for business purposes in order to notice the Court of his absence and to protect the rights of Plaintiff Quinn. As previously stated, Plaintiff Vanderbol filed a Notice with this Honorable Court due to his lack of faith the Defendants would not take every advantage to dismiss their case, during his absence[3]. Plaintiff Quinn, as previously stated, is not receiving service from the Defendants or the Court. Plaintiff Quinn has not received any filings from the Defendants or orders from the Court by mail and neither of the Pro Se Plaintiffs received **Documents 118 through 127** until Plaintiff Vanderbol returned, and able to respond as previously stated within the "Notice" would be on March 9th 2020.

Immediately upon his return, Plaintiff Vanderbol contacted the Court on March 6th, 2020 to inquire about the previously filed Courtesy Copy of the Third Amended Complaint and was informed that it was destroyed by the Court. As referenced above, the Plaintiffs did not receive service of any of the notices, motions or orders listed as **Documents 118 through 127** until March 6th, 2020. Further, on January 28th, 2020, Plaintiff Vanderbol noticed this Honorable Court by mail he was departing the country, and would not be physically able to respond, participate, or engage in Court hearings, and also stated he would not be able to receive or file documents and would not be available until March 9th, 2020. It is clear, Plaintiffs undertook every effort to inform all parties of the special circumstance requiring Plaintiff Vanderbol's departure, and acted in good faith.

---

[3] *"[T]he right way, under Pioneer, to decide cases involving ignorance of federal rules is with an 'elastic concept' equitable in nature, not with a per se rule."* ***Pincay v. Andrews***, 351 F.3d 947, 953 (9th Cir.2003) (Kleinfeld, J., dissenting).

***Fed. Rule of Civil Pro. Rule 5(b)(2)(C)*** provides service of "other pleadings" by mail. Generally, this is considered the "mailbox rule" and the Court's local rules prohibit Pro Se Parties from filing pleadings via the Court's e-File system. By conflict of rules, and directives, Plaintiff Vanderbol undertook the ONLY option to notify the Court of his absence and undertook such Notice in a manner as directed by the Court to 'not attack opposing counsel'. Plaintiffs' Notice was mailed prior to the Court's orders or notices addressed in these filings and was also delivered electronically to Opposing Counsel by the Court's Clerk. It is reasonable to consider the Plaintiffs undertook every 'act of good faith' in which they could <u>to ensure the case proceeded accordingly and without delay or undue bias or prejudice against any party named in the Case</u>.

### 2. Plaintiffs have acted expeditiously and their failures were inadvertent.

Plaintiffs' missing of the deadlines imposed by the Court is inadvertent. Plainly, both the Plaintiffs have stated they did not receive service or notice to act. Further, both Plaintiffs noticed the Court prior to the rulings of the Court they were either not receiving service (in the case of Quinn) or would be suffering a period of time where service and the ability to respond would be prohibited or subject to geographical inability. Opposing Counsels may attempt to argue the Plaintiffs could have made other arrangements. However, the fact still remains the filings in the case require the original signatures of each of the Plaintiffs and this was not a possibility, and Plaintiff Vanderbol's physical location outside of the United States denied him any ability to facilitate a timely delivery of documents within any time period ordered or provided by the Court. Additionally, Plaintiff Vanderbol, due to travel within the United States which required him to be away from the computer terminal that monitors the registered email address, did not receive the Court's Report and Recommendation filed on Jan. 13th, 2020. If he had been in receipt of said filing, he would have objected to said filing based upon the error of naming him as a sole filer of the Third Amended Complaint[4].

---

[4] *"In Pioneer, the Court held that attorney negligence may, in certain circumstances, constitute 'excusable neglect,' considerably liberalizing its meaning and prescribing a new analytical test." See: Prozevoits* Id. In the Fifth Circuit, relied on ***Prizevoits in Midwest Employers Cas. Co. v. Williams,*** 161 F.3d 877 (5th Cir.1998), Judge Garza cited authority, *"where the court found that the district court did not abuse its discretion in finding that a good faith misinterpretation of plain rules was excusable neglect."* ***United States v. Evbuomwan,*** 36 F.3d 89 (5th Cir.1994) He also cited ***Lackey v. Atlantic Richfield Co.***, 990 F.2d 202, 205 (5th Cir.1993), where the court found that the district court did not abuse its discretion in finding excusable neglect because the attorney's obvious error was mitigated by the lack of prejudice to the nonmovant and the shortness of the delay. Finally, he cited ***United States v. Brown,*** 133 F.3d 993 (7th Cir.1998), where the Seventh Circuit affirmed the district court's finding that an attorney's confusing of state rules with federal rules amounted to excusable neglect. The Seventh Circuit said: *"Pioneer made clear that the standard is a balancing test, meaning that a delay might be excused even where the reasons for the delay are not particularly compelling."*

Plaintiff Vanderbol returned to the continental United States on March 6th, 2020 at 0100 hours and once again gained access to a geographically limited email server. His first action was to review the email account of record in this matter. His second action was to call the Court in an effort to recover the previously submitted Courtesy Copy in order to rapidly respond to the Court's orders as he became aware of them. On March 8th, 2020, Plaintiff Vanderbol conferred with Plaintiff Quinn regarding the case, and the Plaintiffs discussed the requirements of filings, notice of said requirements, etc. Plaintiff Vanderbol then attempted to obtain consent from Opposing Counsel in order to facilitate the Court's orders, with limited success. Immediately thereafter, the Plaintiffs began to work on required documents to be submitted to the Court in this case, while observing the limitations of quarantine.

### 3. The relief requested does not cause any danger of prejudice to the Defendants.

The Court ordered the redaction of two defendant parties from the Complaint. The removal of the Defendant parties does not substantially change the Plaintiffs' claims against the Defendants due to the enterprises requirement unique to a RICO pleading. Plaintiffs added the Defendant parties ordered struck due to additional evidence which was obtained after the original filing and after the Court's stay, and after the Court's case management order was issued. The Court had previously stated the Court would modify the scheduling order as needed due to the Court's stay, and Plaintiff Vanderbol became confused by this statement and the Court's permission to file an amended complaint which he clearly stated was required due to the receipt of additional evidence.

The Court held a hearing on January 8th 2020, but issued no further guidance in that hearing as to the requirements on the Plaintiffs at that time to redact the Amended Complaint, and the Court failed to offer any leave to file an Amended Complaint, while stating to the Plaintiffs the Court would consider any additions or modifications to the Plaintiffs Complaint in future requests. Due to this, the Plaintiffs acted diligently to comply with the Court's directives to the best of their ability and understanding. The Plaintiffs timely submitted a courtesy copy to the Court as previously directed on January 24th, 2020.

The addition of a party as a defendant in no way changed the Complaint against the other parties. The addition merely added the liability of the added Defendants under Texas state law. Plaintiffs' Complaint has always brought forth a claim against the Defendants for operating a racketeering enterprise known as 'the state farm group', and has outlined the operation of said fraud schemes and criminalities shielded within the corporate enterprises owned by Defendant Auto. This claim has not changed since

the initial filing of this case. Further, the Complaints have detailed and clearly stated the manner in which the Individual Defendants engaged in said conspiracy to defraud by the fraudulent use of the tradename "state farm". Plaintiffs' Complaint has always stated this fraudulent use to be known as the 'single entity tradename fraud scheme' and the Defendants themselves have engaged in said single tradename usage before the Court in a manner, which is misrepresentative to the exact corporate or association-in-fact enterprise the Defendants are discussing at the time. Submission of a redacted Complaint and the submission of a courtesy copy to the Court does not endanger the Defendants.

4. **Plaintiffs have attached affidavits swearing to these facts and Federal Rules Provide Equitable Safeguards for inadvertently missed Deadlines.**

In the context of litigation in federal court (and in federal administrative proceedings that adhere to the Federal Rules of Civil Procedure), a missed filing deadline *may* not prejudice this case or the Plaintiff's interests. *See, Pincay v. Andrews*, 389 F.3d 853, 854-855 (9th Cir. 2004). The Federal Rules of Civil Procedure provide equitable safeguards for an inadvertently missed deadline. Plaintiffs ask for relief under these equitable safeguards and have attached affidavits supporting the facts *(See Exhibit 2 and Exhibit 3)*.

These facts are: *1)* the Plaintiffs did not receive notice of their requirements under court orders, and the Plaintiffs responded to their best of understandings of the Court's orders by filing the courtesy copy of January 24th, 2020. *2)* Plaintiff Vanderbol noticed the Court of his geographic inability to file with the Court and his inability to obtain access to the email account of record in this matter. *3)* Plaintiff Quinn does not have access to Plaintiff Vanderbol's email account, and the Court clerk's notices state Plaintiff Quinn is NOT served electronically. *4)* Plaintiffs are acting diligently, and expeditiously to comply with the Court's orders and directives. *5)* The Plaintiffs, at all times, have acted in good faith, in fairness, and in the pursuit of Justice. And 6) The Plaintiffs, acting Pro Se, have a duty to attempt to operate their businesses and to prohibit 'realizing' losses beyond the scope of losses already suffered, as well as have a requirement to derive income, as they are NOT acting as compensated legal counsel.

The Plaintiffs made every effort to comply with the orders of the Court as they understood them, and as they received said orders. The Pro Se Plaintiffs are already operating at a considerable disadvantage as they are not provided the ability to access, monitor or file into cases electronically under the Court's local rules, which is exactly opposite of the Defendants' abilities. Pro Se Plaintiffs are strictly required to manually file pleadings with the Court, and are prohibited from assisting each other, in the form of

representation or activities before the Court, including signing pleadings on behalf of the other. The unique circumstance requiring Plaintiff Vanderbol's professional attendance is no different than a co-counsel's inability to appear before the Court. However, Pro Se Party Quinn is prohibited from representing Plaintiff Vanderbol, and prohibited from acting on his behalf. There is no viable or lawful manner for the Pro Se Parties to assist or support each other, and when one is required to attend to professional duties, the Court must consider both Pro Se Parties are not compensated practitioners of law. The very nature of the Pro Se status, the local orders of the Court, and the prohibitions placed upon the Pro Se Plaintiffs as addressed created extraordinary circumstances which prohibited timely filings. The Court's failure to grant the Plaintiffs' leave to file would result in a substantial injustice[5].

## Summary and Relief Requested.

The delay in this matter was not within the reasonable control of the Plaintiffs as they did not receive notice of requirements to act. The length of delay in the submission of the redacted Complaint and courtesy copy is less than 31 days, notwithstanding the Delays enacted by the Court or its agents themselves relating to the ongoing pandemic, and the delay has little or no effect on judicial proceedings due to the stay of the Court, and the Defendants' repetitive dispositive Motions, and frivolous Motions for Sanctions. The filing of the Complaint and the submission of the courtesy copy does not in any way 'prejudice' the Court against the Defendants.

Factually, the Defendants have admitted within their multiple pleadings to several allegations made by the Plaintiffs including being associated with association-in- fact enterprises, and in possession of property stolen from the Plaintiffs. The Plaintiffs have clearly acted in good faith and in proper diligence in their attempts to comply with the Court's orders and directives, including responding to the Defendants' Motion for Sanctions in a timely manner, despite Plaintiff Vanderbol's quarantine.

Plaintiffs request this Honorable Court to accept the redacted Complaint filed upon the Court by mail jointly with this Motion which is filed via email, and accept the courtesy copy of said Complaint as jointly delivered with this Motion. Opposing Counsel has stated they generally do not oppose the filing of these documents, but may object to the statements made by the Plaintiffs within this Motion. The

---

[5] In *Marx v. Loral Corp.*, 87 F.3d 1049 (9th Cir.1996) a showing of extraordinary circumstances that prevented timely filing and injustice resulting from denying an extension was sufficient to obtain a finding of excusable neglect and the Court's granting of leave to file. id. at 1053 (citing *Pratt v. McCarthy*, 850 F.2d 590, 593 (9th Cir.1988)), gave way to an equitable determination that involves consideration of the four Pioneer factors. Id. at 1054.

Plaintiffs complied precisely with the orders of the Court upon receiving notice and complied with every directive or order given to them regarding the pandemic special circumstance. It is unreasonable to chastise or penalize the Plaintiffs in this matter, as they have continued to act in good faith, and as ordered when noticed and to the best of their understandings of the verbal directives and written orders, as they are given and received.

### Prayer.

The Plaintiffs ask this Honorable Court for the relief requested above, and for the Court to consider the errors made by the Plaintiffs to be unintentional and acts of excusable neglect. And to deem the Plaintiffs to undertaken every reasonable effort to comply with the Court's orders in a timely manner once notified, and despite outside requirements to ensure the health and safety of others. Plaintiffs seek any and all relief the Court can grant in the Pursuit of Justice.

Respectfully Submitted

_____
Erica Quinn,
Petitioner, Pro Se.
ERICA@3pmg.net
3245 Main Street, Suite 235-329
Frisco, Texas. 75034.
Telephone: 940 301 9410

_____
John S. Vanderbol III,
Petitioner, Pro Se.
Federal.Case@3pmg.net
3245 Main Street, Suite 235-329
Frisco, Texas. 75034.
Telephone: 940 315 1156

### Certificate of Service

I do hereby certify on March 30, 2020 that a copy of the foregoing instrument was served on all counsel of record in accordance with the Federal Rules of Civil Procedure and in compliance with the Court's General Order Number 20-05 dated, March 25th, 2020.

_____
Erica Quinn,
Petitioner, Pro Se.
ERICA@3pmg.net
3245 Main Street, Suite 235-329
Frisco, Texas. 75034.
Telephone: 940 301 9410

_____
John S. Vanderbol III,
Petitioner, Pro Se.
Federal.Case@3pmg.net
3245 Main Street, Suite 235-329
Frisco, Texas. 75034.
Telephone: 940 315 1156