**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JOHN S. VANDERBOL III AND ERICA QUINN,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CIVIL ACTION NO.:** **4:19-CV-00119-ALM-KPJ** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM FIRE AND CASUALTY COMPANY, MICHAEL TIPSORD, JON CHARLES FARNEY, RANDALL HOUSTON HARBERT, PAUL JOSEPH SMITH, AND STEPHEN MICHAEL WEY,** | § § § § § § § § | **(Consolidated matter 4:19-CV-00120)** |
| **Defendants.** | § § | |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITIES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Company, Michael Tipsord, Jon Charles Farney, Randall Houston Harbert, Paul Joseph Smith, and Stephen Michael Wey ("Defendants") file this Notice of Supplemental Authorities.

1.      At the July 21, 2020 hearing in the above-referenced matter, Defendants' counsel offered to provide the Court with case law addressing the citizenship of a third party, State Farm Lloyds. The Court suggested that would be useful.

2.      Accordingly, attached to this notice are the following opinions:

**Exhibit 1**
*Garza v. State Farm Lloyds*, No. 1:18-cv-00025, 2018 WL 8638780, *1 (S.D. Tex. May 3, 2018) ("Defendant State Farm [Lloyds] is an unincorporated association of underwriters, with citizenship of Illinois and Arizona").

**Exhibit 2**

*Polinard v. State Farm Lloyds*, No. SA-17-CA-830-FB (HJB), 2018 WL 1904838, *3 (W.D. Tex. Feb. 12, 2018) (noting that complete diversity existed because none of State Farm Lloyds' underwriters were residents of Texas).

**Exhibit 3**

*Sparks v. State Farm Lloyds*, No. 6:13-CV-603, 2014 WL 12607861, *2 (E.D. Tex. Jan. 30, 2014) (observing that, "[a]s a Lloyds group, State Farm Lloyds is an association of underwriters" and "[f]or purposes of diversity, a Lloyds group is considered a resident in any state where its underwriters are residents" and finding complete diversity existed because "all the underwriters of State Farm Lloyds are residents of states other than Texas").

**Exhibit 4**

*Simon v. State Farm Lloyds*, No. 1:10-CV-821, 2011 WL 13216963, *2 (E.D. Tex. April 1, 2011) ("Because no State Farm [Lloyds] underwriter is a citizen of Texas, State Farm [Lloyds] is not a citizen of Texas ….").

3.     Also, State Farm Lloyds recently removed another case from Texas state court to the Sherman Division of the Eastern District of Texas and in connection with its notice of removal in that case, State Farm Lloyds filed an affidavit confirming that all of its underwriters are domiciled in the State of Illinois.  *See* Civil Action No. 4:20-cv-00519 (Doc. 1-8).

Respectfully Submitted,

*/s/ D. Alexander Harrell*
W. NEIL RAMBIN
ATTORNEY-IN-CHARGE
State Bar No. 16492800
rambindocket@faegredrinker.com
D. ALEXANDER HARRELL
State Bar No. 24055624
alex.harrell@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2500
(469) 327-0860 (fax)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was served on all parties in accordance with the Federal Rules of Civil Procedure on July 22, 2020.

*/s/ D. Alexander Harrell*
D. ALEXANDER HARRELL

# EXHIBIT 1

2018 WL 8638780
Only the Westlaw citation is currently available.
United States District Court,
S.D. Texas, Brownsville Division.

Elizabeth GARZA, Plaintiff,

v.

STATE FARM LLOYDS, Daniel Longoria,
Charles Daffron, Gregory Strickland,
and Rosa Contreras [1], Defendants.

Civil Action No. 1:18-cv-00025
|
Signed 05/03/2018

**Attorneys and Law Firms**

James Michael Moore, The Moore Law Firm, McAllen, TX,
for Plaintiff.

Sarah Ann Nicolas, Daniel K. Worthington, Ramon
Worthington, PLLC, Austin, TX, Christiana Dijkman,
Christiana Dijkman, PC, Elizabeth Sandoval Cantu, Sofia
A. Ramon, Ramon Worthington, PLLC, McAllen, TX, for
Defendants.

**ORDER DENYING MOTION TO REMAND**

Rolando Olvera, United States District Judge

**\*1** Before this Court is "Plaintiff's Opposed Motion to
Remand and Brief in Support" (Docket No. 5) (hereafter
"Motion to Remand"). The remand issues are as follows: (1)
whether removal was timely; (2) whether Plaintiff improperly
joined individual defendants to defeat removal; and (3)
whether the amount in controversy is within the jurisdictional
limits of the Court. For the reasons stated below, Plaintiff's
Motion to Remand (Docket No. 5) is **DENIED**.

**I. FACTUAL BACKGROUND** [2]
This suit arises from Elizabeth Garza's (hereafter "Plaintiff")
attempt to recover property damages pursuant to an insurance
policy issued by Defendant State Farm Lloyds (hereafter
"State Farm"). Plaintiff filed the instant civil suit in County
Court at Law Number One, Cameron County, Texas (hereafter
"CC1"), against defendants State Farm, Daniel Longoria
(hereafter "Longoria"), and Charles Daffron (hereafter

"Daffron") (collectively, hereafter the "Defendants") for the
following: Breach of Contract, Fraud, Conspiracy to Commit
Fraud, Breach of the Duty of Good Faith and Fair Dealing,
and alleged violations under the Texas Insurance Code. [3]
Plaintiff is a resident of Cameron County, Texas. Defendant
State Farm is an unincorporated association of underwriters,
with citizenship of Illinois and Arizona. Defendants Longoria
and Daffron are citizens of Texas.

**II. PROCEDURAL HISTORY**
Plaintiff filed "Plaintiffs' Original Petition and First Set
of Discovery Requests" (hereafter "state court petition")
(Docket No. 1-2) August 30, 2017 in CC1, Cameron, County,
Texas. Defendants filed "Defendants State Farm Lloyds',
Daniel Longoria's, and Charles Daffron's Verified Original
Answer to Plaintiffs' Original Petition" (Docket No. 1-5)
November 1, 2017. The CC1 Court entered "Amended
Agreed Order Granting Unopposed Motion for Severance of
Claims" (hereafter "Agreed Severance Order") (Docket No.
1-10) January 10, 2018.

On February 8, 2018, Defendant State Farm removed Cause
No. 18-CCL-50 to this Court (Docket No. 1) on the basis of
diversity of citizenship. Plaintiff filed "Plaintiff's Opposed
Motion to Remand and Brief in Support" (Docket No. 5)
March 9, 2018. Defendant State Farm filed "Defendant's
Response to Plaintiff's Motion to Remand" (Docket No. 6)
March 28, 2018. Plaintiff filed "Plaintiff's Reply in Support
of Remand" (Docket No. 7) April 4, 2018.

**III. LEGAL STANDARD**
A defendant may remove a civil action filed in state court,
except as otherwise expressly provided by Congress, if the
parties are diverse and the amount in controversy exceeds
$75,000. 28 U.S.C. § 1441(a); 28 U.S.C. § 1332(a)(1).
Initially, if a case is not removable, a defendant must file a
notice of removal within thirty days of a "motion, order or
other paper from which it may first be ascertained that the
case is or has become removable." 28 U.S.C. § 1446(b)
(3). The party seeking removal "bears the burden of showing
that federal jurisdiction exists and that removal [is] proper."
*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d
720, 723 (5th Cir. 2002). Complete diversity of citizenship
between the plaintiff and defendant must be ascertained
in order for diversity of jurisdiction to exist. *Carden v.
Arkoma Assocs.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 108

L.Ed.2d 157 (1990). However, a court may not consider the citizenship of a party, for purposes of determining complete diversity, if a party is improperly joined. *See Flagg v. Stryker Corp.*, 819 F.3d 132, 141 (5th Cir. 2016). Improper joinder is established if the removing party proves the following: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003); *see Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) ("[t]he burden of proof is on the removing party.")).

**\*2** In evaluating whether a defendant was improperly joined, the role of the court is not to determine "whether the plaintiff will actually or even probably prevail on the merits of the claim," but "look only for a possibility that the plaintiff may do so." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997) (citations omitted). Further, "the existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004). Alternatively, in the event a court determines a defendant has been improperly joined, the court shall dismiss the improperly joined party without prejudice for lack of jurisdiction. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016).

Moreover, in determining whether the amount in controversy under § 1332 is exceeded, the court "consider[s] the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). If state law precludes parties from alleging a specific amount of damages in their state court petition, "a defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). Defendant meets its burden if it shows that "it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723. If defendant meets this threshold, the burden shifts to Plaintiff to "show that, as a matter of law, it is certain that [s]he will not be able to recover more than the damages for which [s]he has prayed in the state court complaint." *De Aguilar v. Boeing, Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995).

## IV. DISCUSSION

Defendant State Farm removed the instant case from state court, asserting Defendants Longoria and Daffron were joined to defeat diversity of citizenship. [4] *See* Docket No. 1 at 5. In support of its opposition to remand, Defendant State Farm argued Defendants Longoria and Daffron had no involvement in handling the Plaintiff's claim; Defendants Longoria's and Daffron's personal involvement, if any, were related to the Third Party Individual's claims severed by the CC1. *See* Docket No. 6 at 4-5. Plaintiff alleged the case should be remanded because removal was untimely, and alternatively, even if timely, Defendant State Farm did not establish the minimum amount in controversy. *See* Docket No. 1 at 4, 8.

### A. Improper Joinder and Timeliness of Removal

Complete diversity in this case is only possible if Defendants Longoria and Daffron were improperly joined. Pursuant to CC1's "Agreed Severance Order," the Plaintiff was ordered to amend her petition, within seven days of its January 10, 2018 execution, "to reflect the appropriate parties" associated with the Plaintiff's "August 10, 2014 claim". *See* Docket No. 1-10 at 3. Plaintiff failed to amend her state court petition and Defendant State Farm removed the case February 8, 2018; twenty-nine days after the execution of the "Agreed Severance Order." *See* Docket No. 1 at 6, ¶22.

**\*3** This Court must now determine whether Defendant State Farm's removal was timely. The relevant procedure for removal statute states the following:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Defendant State Farm argues Defendants Longoria and Daffron were improperly joined because they "had no involvement in [Defendant] State Farm's investigation and adjustment of Plaintiff's August 10, 2014 claim"; therefore, the "Agreed Severance Order" made it ascertainable that "none of the individual defendants" had any involvement in the claim before this Court. *See* Docket Nos. 1 at 5, ¶17; 6 at 3, ¶5. The Plaintiff did not allege Defendants Longoria and Daffron were personally involved in her claim, and failed to timely amend her pleading alleging any involvement by said individual defendants. Thus, the Court finds that Defendant State Farm has demonstrated that there is no possibility of recovery by Plaintiff against Defendants Longoria and Daffron for this cause of action.

*See* Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (holding improper joinder is met when "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."). Accordingly, the in-state defendant barrier was removed via severance January 10, 2018. *See* Crocket v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 533 (5th Cir. 2006) (holding removal jurisdiction existed upon the severance of plaintiff's claims against improperly joined, non-diverse in-state defendants). For these reasons, this Court finds Defendant State Farm's removal as timely.

## B. Amount in Controversy

The Court must next determine whether Defendant State Farm has proven, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1). The Court may look to the face of pleading, or at summary judgment evidence provided by Defendant State Farm in determining whether it has met the amount in controversy threshold. Manguno, 276 F.3d 720, 723 (5th Cir. 2002). Plaintiff is seeking the following damages against Defendant State Farm: (1) actual damages; (2) damages for mental anguish; (3) 18% interest per annum on the amount of the insurance claim; (4) compensatory damages for breach of good faith; (5) exemplary damages; and (6) attorney fees. *See* Docket No. 1-2 at 28–29. Defendant State Farm submitted an insurance policy which listed dwelling limits of liability at $140,000.00. *See* Docket No. 6-2 at 2. Where a claim involves the applicability of an insurance policy to a specific occurrence, "the jurisdictional amount in controversy is measured by the value of the underlying

claim." Hartford Ins. Grp. v. Lou-Con, Inc., 293 F.3d 908, 911 (5th Cir. 2002)(per curiam); *see* Santiago v. State Farm Lloyds, 2013 U.S. Dist. LEXIS 63457, 2013 WL 1880845, at *4-5 (S.D. Tex. 2013) (holding a breach of contract claim facially implicating policy limits, which exceeded the amount in controversy threshold, sufficiently measured the value of the claim). Based on the insurance policy, the value of the breach of contract claim alone, implicates policy limits of $140,000.00. The Plaintiff's additional claims for breach of good faith and violations under the Texas Insurance Code only increase the amount in controversy. Thus, the Court finds Defendant State Farm has established that it is more likely than not that the amount in controversy exceeds $75,000.00.

**\*4** Plaintiff was unable to show "to a legal certainty" that her damages would not exceed $75,000.00. In her state court petition, Plaintiff pleaded damages under Rule 47(c)(2)[5] and alleged within the body of her complaint an unverified "Stipulation of Damages not to exceed $74,999.99." *See* Docket No 1-2 at 1. A plaintiff shows to a "legal certainty" that her recovery will not exceed the amount stated in the state complaint when she files "a binding stipulation or affidavit with the complaint prior to removal" stating recovery of damages will not exceed $75,000.00. *See* De Aguilar, 47 F.3d at 1412-13; *see, e.g.,* Williams v. Companion Prop. & Cas. Ins. Co., No. H-13-733, 2013 WL 2338227, at *2 (S.D. Tex. May 27, 2013) (holding a binding stipulation attached to the original petition "establish[ed] to a legal certainty that [the plaintiff] w[ould] not be able to recover more than $75,000.00"). However, Plaintiff failed to attach a binding verified stipulation to her complaint; thus, state law does not limit Plaintiff's recovery in the instant matter below $75,000.00. For these reasons, the amount in controversy is within this Court's jurisdictional limits. Thus, Defendant State Farm's removal was proper.

## V. CONCLUSION

It is therefore ORDERED, ADJUDGED and DECREED that "Plaintiff's Opposed Motion to Remand and Brief in Support" (Docket No. 5) is **DENIED**. Defendants Daniel Longoria and Charles Daffron are **DISMISSED WITHOUT PREJUDICE**. The Clerk is also **ORDERED** to remove Gregory Strickland and Rosa Contreras as parties to this case.

**All Citations**

Slip Copy, 2018 WL 8638780

## Footnotes

1    Defendants Strickland and Contreras were not served with process before the claim was removed to this Court. Therefore, this Court has no jurisdiction over said defendants. The Clerk of this Court is **ORDERED** to remove Defendants Strickland and Contreras as parties to this civil suit.

2    The factual statements set forth herein were obtained from the following documents: Docket Nos. 1, 1-2, 1-10.

3    Plaintiff and Andrea Martinez (hereafter "Third Party Individual") asserted unrelated claims in their state court petition against Defendants. On January 10, 2018, CC1 severed the Third Party Individual's claims; Defendant State Farm removed the Plaintiff's claim (Cause No. 18-CCL-50) on February 8, 2018. *See* Docket Nos. 1 at 1, ¶1; 1-10. The Plaintiff's claim does not involve the Third Party Individual.

4    This Court notes that Plaintiff mischaracterized Defendant State Farm as being a citizen of Texas in Plaintiff's state court petition. *See* Docket No. 1-2 at 3, ¶ 4. Defendant State Farm confirmed in its Notice of Removal that it is a citizen of Illinois and Arizona. *See* Docket No. 1 at 4, ¶¶ 14-15.

5    "An original pleading which sets forth a claim for relief...shall contain...a statement that the party seeks: monetary relief of $100,000 or less and non-monetary relief. 🚩 Tex. R. Civ. P. 47(c)(2).

---

**End of Document**                                              © 2020 Thomson Reuters. No claim to original U.S. Government Works.

---

# EXHIBIT 2

Case 4:19-cv-00119-SDJ-KPJ   Document 156   Filed 07/22/20   Page 10 of 25 PageID #:  3869

Polinard v. State Farm Lloyds, Not Reported in Fed. Supp. (2018)

2018 WL 1904838
Only the Westlaw citation is currently available.
United States District Court, W.D.
Texas, San Antonio Division.

Herbert Lawrence POLINARD, Jr.
and Melissa Polinard, Plaintiffs,
v.
STATE FARM LLOYDS and State
Farm Lloyds, Inc., Defendants.

SA−17−CA−830−FB (HJB)
|
Signed 02/12/2018

**Attorneys and Law Firms**

Hugo Xavier de los Santos, Hugo Xavier de los Santos,
Attorney at Law & C.P.A., San Antonio, TX, for Plaintiffs.

Margaret Frances Brown, Mark A. Lindow, Lindow Stephens
Treat, LLP, San Antonio, TX, for Defendants.

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Henry J. Bemporad, United States Magistrate Judge

**To the Honorable United States District Judge Fred
Biery:**

 **\*1** This Report and Recommendation concerns Plaintiff
Herbert Lawrence Polinard, Jr.'s Motion to Remand for
Lack of Jurisdiction (Docket Entry 10) and Defendant
State Farm Lloyds' Motion to Strike Plaintiff's Third
Supplemental Original Complaint (Docket Entry 11). This
case has been referred to the undersigned for consideration
of pretrial matters. (Docket Entry 8). For the reasons that
follow, I recommend that the Motion to Remand (Docket
Entry 10) be **DENIED**, that and the Motion to Strike
(Docket Entry 11) be **GRANTED**, and that Plaintiff Herbert
Polinard's Supplemental Complaint (Docket Entry 7) should
be **STICKEN**, removing Defendant State Farm Lloyds, Inc.,
from the suit.

**I. Background.**
Defendant State Farm Lloyds is a "Lloyd's plan" insurer
under Texas law, which consists of a group of underwriters

who join together to issue insurance through an "attorney
in fact" or other representative. *See* TEX. INS. CODE §
941.001−.03 (West 2002). State Farm Lloyds, Inc., serves as
State Farm Lloyds' statutory attorney-in-fact. (Docket Entry
1–2, at 1.)

On February 4, 2014, Plaintiffs Melissa Polinard and Herbert
Lawrence Polinard, Jr. filed suit against State Farm Lloyds,
Inc., and Miguel Rivas, a State Farm insurance agent, in
Bexar County district court, seeking to recover for damages
to residential property in San Antonio that allegedly resulted
from a wind and hail storm. (Docket Entry 1–4, at 18.)
Plaintiffs asserted various state statutory and common law
claims related to the alleged property damage. (Docket Entry
1–4, at 14–34.)

On May 20, 2016, Plaintiffs amended their complaint in state
court, filing a Second Supplemental Original Petition that
joined State Farm Lloyds as a defendant. (Docket Entry 1–4,
at 3–5.) A month later, Plaintiffs voluntarily dismissed State
Farm Lloyds, Inc., from the state court suit. (Docket Entry 1–
5, at 3.) On August 29, 2017, Plaintiffs voluntarily dismissed
their claims against Defendant Rivas. (Docket Entry 1–3, at
6–7.) The same day, State Farm Lloyds removed the case to
federal court. (Docket Entry 1).

On August 30, 2017, the day after removal, Plaintiffs filed
a Third Supplemental Original Complaint in state court,
dismissing Melissa Polinard as a Plaintiff and re-adding State
Farm Lloyds, Inc., as a Defendant. (*See* Docket Entry 11, at
2; Docket Entry 14, at 2.) On September 19, 2017, Plaintiffs
filed a Third Supplemental Original Complaint in this Court,
similarly removing Melissa Polinard as a Plaintiff and adding
State Farm Lloyds, Inc., as a Defendant. (Docket Entry 7, at
1–2.)

After filing the Third Supplemental Original Complaint in
this Court, Plaintiff Herbert Polinard, Jr., moved to remand
the case to state court for lack of diversity jurisdiction.
(Docket Entry 10.) State Farm Lloyds moved to strike the
Third Supplemental Original Complaint under Federal Rule
of Civil Procedure 12(f), arguing that the amended pleading
was improperly filed. (Docket Entry 11.)

**II. Analysis.**
 **\*2** This Report and Recommendation first considers
Plaintiff's motion to remand, determining whether removal
was improper for lack of diversity jurisdiction. It then
considers whether Plaintiff's Third Original Supplemental

Case 4:19-cv-00119-SDJ-KPJ   Document 156   Filed 07/22/20   Page 11 of 25 PageID #:  3870

Pannell v. State Farm Lloyds, Not Reported in Fed. Supp. (2018)

Complaint should be stricken under Federal Rule of Civil Procedure 12(f).

**A. Motion to Remand.**

Plaintiff challenges this Court's diversity jurisdiction, arguing that State Farm Lloyds and State Farm Lloyds, Inc., are Texas entities and, therefore, the parties are not diverse and this Court lacks diversity jurisdiction over this case. (*See* Docket Entry 10, at 2–4.) These arguments fail.

Federal courts have "limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When a case is removed, the removing party bears the burden of establishing the federal court's subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377; *see also Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."). Any doubts about the propriety of a removal are to be resolved in favor of remanding the action to state court. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002); *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *see also Manguno*, 276 F.3d at 723 ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.") (citing *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) ). "If at any time before final judgment, it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal courts have original jurisdiction of civil actions when the controversy is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). [1] If a federal district court has original jurisdiction, any civil action brought in a state court may be removed to the federal court by the defendant. 28 U.S.C. § 1441(a). For the purpose of determining whether an action is removable under § 1441 for diversity of citizenship, an unincorporated association is considered to have the citizenship of its members. *Royal Ins. Co. of Am. v. Quinn–L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993)

(citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) ).

Plaintiff, a Texas citizen, argues that State Farm Lloyds is not diverse because it is registered as a Texas domestic insurance company with its home office in Texas. (Docket Entry 10, at 2.) While this may be true, it is irrelevant. State Farm Lloyds is an unincorporated association of insurance underwriters. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 866 (5th Cir. 2003). For diversity analysis, the citizenship of an unincorporated association depends on the citizenship of the association's members—here, the underwriters. *See Royal Ins. Co. of Am.*, 3 F.3d at 883. ("Thus, for purposes of determining whether diversity jurisdiction exists, we conclude that the members of a Lloyds group are the underwriters alone.").

**\*3** State Farm Lloyds' Amended Articles of Agreement indicate that its underwriters include twelve individuals. (*See* Docket Entry 1–2, at 2–3.) Kristy Stapleton, Assistant Secretary–Treasurer of State Farm Lloyds, Inc., stated by affidavit that each of the twelve underwriters reside and are employed in either the State of Illinois or the State of Arizona. (Docket Entry 1–2, at 3.) Because Plaintiff is a resident of Texas and none of the plan's underwriters are residents of Texas, complete diversity of citizenship exists.

Plaintiff also claims that State Farm Lloyds, Inc., State Farm Lloyds' attorney-in-fact, "is a defendant to the case *sub judice*" and that State Farm Lloyds, Inc.'s status as a Texas domestic corporation destroys subject-matter jurisdiction. (*See* Docket Entry 10, at 3–4.) This argument likewise fails. State Farm Lloyds, Inc. was dismissed from the state court suit before it was removed. (*See* Docket Entry 14, at 2.) Diversity analysis considers the parties to the suit at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) ("The rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal is obvious."). Plaintiff's attempt to amend his complaint post-removal is irrelevant to the determination whether removal was proper. *See id.* [2]

The remaining arguments in Plaintiff's motion address considerations not of subject matter jurisdiction, but of personal jurisdiction. [3] However, the issue before the Court is not whether the District Court may exercise personal

jurisdiction over State Farm Lloyds; the pertinent inquiry is whether the parties meet the requirements for diversity subject-matter jurisdiction in this suit. On this inquiry, Plaintiff's motion lacks merit and should be denied.

### III. Motion to Strike.

Rule 12(f) allows a court to strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. FED. R. CIV. P. 12(f). Defendant argues that Plaintiffs' amendment was procedurally improper because Plaintiffs did not seek leave to amend the complaint and that, even if Plaintiffs were granted leave to amend, good cause exists for the denial of leave. (Docket Entry 11, at 4.)

A court should freely give leave to amend pleadings when justice so requires. FED. R. CIV. P. 15(a)(2). However, where an amended pleading adds a non-diverse defendant, the Court should scrutinize the amended pleading "more closely than an ordinary amendment." *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) (quoting *Hensgens*, 833 F.2d at 1182) ).

In deciding whether to allow leave to amend a complaint to name a non-diverse defendant in a removed case, a court should consider the following four factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities. *Hensgens*, 833 F.2d at 1182.

**\*4** The first factor requires the Court to consider Plaintiff's purpose in amending the complaint. *Hensgens*, 833 F.2d at 1182. A complaint amended post-removal cannot divest a federal court of jurisdiction. *Cavallini*, 44 F.3d at 264 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) ). Defendant argues that by adding non-diverse State Farm Lloyds, Inc. as a party, Plaintiffs' amended complaint was filed for the sole purpose of forum manipulation. (Docket Entry 11, at 5.) The undersigned agrees. Plaintiff's Third Supplemental Original Petition added no new claims against State Farm Lloyds, Inc., but merely incorporated by reference the facts and causes of action previously plead. (*See* Docket Entry 7, at 6.) The claims that Plaintiffs now assert against State Farm Lloyds, Inc., are the same as those asserted against it in Plaintiffs' Second Supplemental Original Petition in state court. (Docket Entry 1–4, at 3–5; Docket Entry 7.) Plaintiffs

previously dismissed State Farm Lloyds, Inc., from the state court suit on those claims. (Docket Entry 1–5, at 3.) There is no explanation for re-adding the non-diverse party at this stage other than to attempt to destroy diversity jurisdiction.

The second factor to consider is whether plaintiff has been dilatory in asking for amendment. *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013). Plaintiffs voluntarily dismissed State Farm Lloyds, Inc., from the state court suit on June 13, 2016. They waited more than a year to attempt to re-join State Farm Lloyds, Inc. as a defendant. Had new facts arisen to support this late filing, it might explain the late re-joining of State Farm Lloyds, Inc.; however, no new facts or claims were asserted. Plaintiffs have been dilatory in seeking to join State Farm Lloyds, Inc. as a defendant at this time.

The third factor is whether Plaintiffs will be significantly injured if amendment is not permitted. *Moore*, 732 F.3d at 456. Defendant argues that Plaintiffs will not be injured because they previously had an opportunity to prosecute their claims against State Farm Lloyds, Inc., in state court and Plaintiffs chose to voluntarily dismiss State Farm Lloyds, Inc. from the lawsuit. (Docket Entry 11, at 6.) The undersigned agrees.

The final consideration in deciding whether to allow amendment of a pleading includes any other factors bearing on the equities. *See Hensgens*, 833 F.2d at 1182. No factor bearing on the equities weighs in favor of permitting amendment; to the contrary, all the equities weigh in favor of disallowing the addition of a non-diverse Defendant. [4]

Because the amendment of Plaintiffs' pleading was improper, Defendant's Motion to Strike should be granted and Plaintiffs' Third Supplemental Complaint should be stricken.

### IV. Conclusion and Recommendation.

Based on the foregoing, I recommend that Plaintiff's Motion to Remand (Docket Entry 10) be **DENIED**, that Defendant's Motion to Strike Plaintiffs Third Supplemental Original Complaint (Docket Entry 11) be **GRANTED**, that Plaintiffs Third Supplemental Original Complaint (Docket Entry 7) should be **STICKEN**, and Defendant State Farm Lloyds, Inc., should be removed from the suit.

### V. Instructions for Service and Notice of Right to Object.

**\*5** The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña*, 200 F.3d at 340. Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

### All Citations

Not Reported in Fed. Supp., 2018 WL 1904838

---

## Footnotes

1    Neither party contests that the amount in controversy exceeds $75,000. (Docket Entry 10, at 2; Docket Entry 14, at 1.)

2    Of course, adding a non-diverse party can defeat jurisdiction. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987). This issue is addressed in Para III, *infra*.

3    Plaintiff's arguments include: State Farm maintains numerous offices throughout Texas and these offices are a nexus of operations; State Farm advertises in Texas telephone directories and on the internet; State Farm has 110 insurance agents in San Antonio, Texas; and State Farm conducts more business in Texas than in Arizona or Illinois. (Docket Entry 10, at 3; Docket Entry 10–1, at 14–35.)

4    This Report and Recommendation does not address the removal of Plaintiff Melissa Polinard from the case; should Plaintiffs wish to remove that party, they may seek leave to amend their pleadings on that ground.

---

End of Document                                     © 2020 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 3

2014 WL 12607861
Only the Westlaw citation is currently available.
United States District Court,
E.D. Texas, Tyler Division.

Chiquita SPARKS and Karl Sparks, Plaintiffs,
v.
STATE FARM LLOYDS, Defendant.

CASE NO. 6:13-CV-603
|
Signed 01/30/2014

**Attorneys and Law Firms**

Amar Bharat Raval, James C. Plummer, Plummer &
Associates, Houston, TX, for Plaintiffs.

Chad Carlton Rook, Robert Scott Davis, Flowers Davis LLP,
Tyler, TX, for Defendant.

## ORDER

LEONARD DAVIS, UNITED STATES DISTRICT JUDGE

**\*1** Before the Court is Plaintiffs' Motion to Remand (Docket
No. 7). Plaintiffs request to add State Farm Lloyds, Inc.
("Lloyds, Inc.") as a defendant and to transfer the matter back
to state court. For the following reasons, Plaintiffs' Motion is
**DENIED**.

## BACKGROUND

On July 29, 2013, Plaintiffs filed suit against Defendant
State Farm Lloyds in the 2nd Judicial District Court of
Cherokee County, Texas, No. 2013-07-0500, alleging breach
of contract for failing to pay an insurance claim. On August
23, 2013, State Farm Lloyds timely removed to the United
States District Court in the Eastern District of Texas on
the basis of diversity jurisdiction. Plaintiffs are individuals
residing in Cherokee County, Texas. State Farm Lloyds is an
association of underwriters organized under the Lloyds Plan
as set forth in the Texas Insurance Code. Non-party Lloyds,
Inc. is State Farm Lloyds' designated attorney-in-fact and a
Texas corporation. Plaintiffs claim that removal was improper
because State Farm Lloyds is considered a citizen of Texas
for diversity purposes and thus is non-diverse to Plaintiffs.

Additionally, Plaintiffs request leave to add Lloyds, Inc. as a
non-diverse defendant in the matter.

## APPLICABLE LAW

Federal courts possess only the jurisdiction "authorized by
[the] Constitution and statute, which is not to be expanded
by judicial decree." *Rasul v. Bush*, 542 U.S. 466, 489
(2004). A defendant may remove any civil action from state
court to a district court of the United States which has
original jurisdiction. 28 U.S.C. § 1441. District courts
have diversity jurisdiction over civil actions where the matter
in controversy exceeds $75,000 and is between citizens
of different states. 28 U.S.C. § 1332(a). The removing
party bears the burden of proving that the facts of the case
are adequate to establish federal jurisdiction. *Gaitor v.
Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th
Cir. 1961).

"If after removal the plaintiff seeks to join additional
defendants whose joinder would destroy subject matter
jurisdiction, the court may deny joinder, or permit joinder and
remand the action to the State court." 28 U.S.C. § 1447(e).
The Fifth Circuit has advised district courts to scrutinize an
amended pleading which names a new non-diverse defendant
in a removed case more closely than an ordinary amended
pleading. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182
(5th Cir. 1987). This is because a district court should never
grant a request to join a party "against whom recovery is
not really possible and whose joinder would destroy subject
matter jurisdiction." *Cobb v. Delta Exports, Inc.*, 186 F.3d
675, 678 (5th Cir. 1999). In making this determination, the
district court is to balance the original defendant's interest in
maintaining the federal forum against the plaintiff's interest
in avoiding multiple or parallel litigation of the same claims.
*Hensgens*, 833 F.2d at 1182. Specifically, the Court must
consider the following factors: (1) the extent to which the
purpose of the amended petition is to defeat federal subject
matter jurisdiction; (2) whether Plaintiff has been dilatory in
asking for the amended petition; (3) whether Plaintiff will be
significantly injured if the amended petition is not allowed;
and (4) any other factors which bear on the equities. *Id.*

## ANALSYIS

**\*2**  Plaintiffs argue State Farm Lloyds' removal was improper because prior to the removal, State Farm Lloyds represented to the state court it is "a group of insurance underwriters *domiciled in the State of Texas.*" Docket No. 7, Ex. 1 at 1 (Petition to Conduct Deposition) (emphasis added). State Farm Lloyds alleges that was a misstatement and State Farm Lloyds is actually a Lloyds association of underwriters, all of whom are residents of states other than Texas. Docket No. 8 at 1.

As a Lloyds group, State Farm Lloyds is an association of underwriters. *See* TEX. INS. CODE §§ 941.001–702. For the purposes of determining diversity, a Lloyds group is considered a resident in any state where its underwriters are residents. *Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998). Notwithstanding State Farm Lloyds' errant statement to the state court, all the underwriters of State Farm Lloyds are residents of states other than Texas. Docket No. 8, Ex. 1 (Affidavit of Jim Larson). Accordingly, State Farm Lloyds is diverse to Plaintiffs and the removal was proper.

Plaintiffs also request to add non-diverse Lloyds, Inc. as a defendant. According to Plaintiffs, Lloyds, Inc. is the actual insurer of the underlying insurance policy. Docket No. 7 at

3. To substantiate their position, Plaintiffs submitted their original insurance policy, which identifies Lloyds Inc. as the insurer. *Id.*, Ex. 2 (Homeowners Policy). However, State Farm Lloyds explains this was a clerical error in the original stock-form policy that has been corrected with yearly Amendatory Endorsements from 2002 onward. *Id.*, Ex. 2 (Affidavit of Steve Woodard). In each of the Amendments, State Farm Lloyds is identified as the insurer. *Id.*

Plaintiffs have not disputed State Farm Lloyds' assertions concerning the error in its stock-form policy and its yearly Amendments identifying State Farm Lloyds as the insurer. In addition, a Lloyds attorney-in-fact has no contractual relationship with the Plaintiffs. *See Martinez v. SF Lloyds*, 204 Fed. Appx. 435, 436 (5th Cir. 2006) (explaining State Farm Lloyds, Inc. is State Farm Lloyds' agent for managing the enterprise, but does not write the underlying policy). Therefore, Lloyds, Inc. cannot be liable under Plaintiffs' breach of contract theory and Plaintiffs' request to add Lloyds, Inc. is **DENIED**. Accordingly, Plaintiffs' Motion to Remand is **DENIED** in its entirety.

**So ORDERED and SIGNED this 30th day of January, 2014.**

**All Citations**

Not Reported in Fed. Supp., 2014 WL 12607861

---

**End of Document**                    © 2020 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 4

2011 WL 13216963
Only the Westlaw citation is currently available.
United States District Court, E.D. Texas.

Durwyn SIMON and Tanya Simon, Plaintiffs,
v.
STATE FARM LLOYDS and
Carrie Tousant, Defendants.

CIVIL ACTION NO. 1:10-CV-821
|
Signed 04/01/2011

**Attorneys and Law Firms**

Brett Scot Thomas, Roebuck Thomas Roebuck & Adams, PLLC, Beaumont, TX, for Plaintiffs.

Christopher Weldon Martin, Deborah Emanuel Rank, Martin Disiere Jefferson & Wisdom, Leslie Tsai Gun, Taylor Taylor & Russell, Houston, TX, for Defendants.

**MEMORANDUM AND ORDER**

MARCIA A. CRONE, UNITED STATES DISTRICT JUDGE

**\*1** Pending before the court is Plaintiffs Durwyn Simon ("Durwyn") and Tanya Simon's ("Tanya") (collectively, "Plaintiffs") Motion to Remand (#5). Plaintiffs seek remand to state court of the instant action against Defendants State Farm Lloyds ("State Farm") and Carrie Tousant ("Tousant") (collectively, "Defendants"). Having reviewed the motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is not warranted.

I. Background
On April 7, 2010, Plaintiffs filed their original petition in the 260th Judicial District Court of Orange County, Texas, asserting claims against Defendants for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code. It is undisputed that Plaintiffs and Tousant are citizens and residents of Texas. Plaintiffs contend that State Farm is also a citizen of Texas. State Farm maintains that it is a citizen of Illinois.

According to the petition, on or about May 20, 2009, Plaintiffs purchased a homeowner's insurance policy (the "Policy") from State Farm. On the same day, a fire destroyed Plaintiffs' home in Orange, Texas. Plaintiffs submitted a claim for benefits, which State Farm denied on the basis that the fire was not an "accidental loss" covered by the Policy. Plaintiffs contend that State Farm and Tousant, a State Farm claims adjuster, wrongfully denied their claim. Plaintiffs seek damages for the amount of benefits that should have been paid, along with damages for mental anguish, court costs, attorney's fees, and additional damages available under the Texas Insurance Code.

On December 28, 2010, State Farm removed the case to federal court on the basis of diversity of citizenship, claiming that complete diversity exists among the real parties in interest and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. State Farm asserts that Tousant was fraudulently joined to defeat diversity and, as a consequence, should be dismissed as a party to this action. On January 27, 2011, Plaintiffs filed the instant motion to remand the case to state court. Plaintiffs contend that federal jurisdiction is lacking because both State Farm and Tousant are citizens of Texas and are properly joined to this action.

II. Analysis

A. Removal and Remand

" 'Federal courts are courts of limited jurisdiction.' " *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006); *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001). " 'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.' " *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377); *see also Hertz Corp. v. Friend*, ⸻ U.S. ⸻, ⸻, 130 S. Ct. 1181, 1194 (2010); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005).

**\*2** Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010); *McDonal*, 408 F.3d at 181; *Howery*, 243 F.3d at 914–15; *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of removal. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 n.2 (5th Cir. 2007); *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 558 n.1 (5th Cir. 2004); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Howery*, 243 F.3d at 916. In removed cases where, as here, there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co.*, 546 U.S. at 89; *Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Halmekangas*, 603 F.3d at 294; *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001), *cert. denied*, 534 U.S. 997 (2001). Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *See Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc.*, 519 U.S. at 68; *Wallace v. La. Citizens Prop. Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006); *Heritage Bank*, 250 F.3d

at 323; *Howery*, 243 F.3d at 920. Furthermore, removal is appropriate only if none of the parties properly joined and served as defendants are citizens of the state in which the action was brought. *See* 28 U.S.C. § 1441(b); *Lincoln Prop. Co.*, 546 U.S. at 89; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531–32 (5th Cir.), *cert. denied*, 548 U.S. 907 (2006).

### B. State Farm's Citizenship

Plaintiffs first argue that complete diversity is lacking in this case because State Farm is a Texas corporation. State Farm counters that it is an unincorporated association the members of which are citizens of Illinois. "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp.*, 130 S. Ct. at 1194–95 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "The court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citing *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975)); *accord Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 817 (5th Cir. 2007). " 'In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties.' " *Deep Marine Tech., Inc. v. Conmaco/Rector, L.P.*, 515 F. Supp. 2d 760, 766 (S.D. Tex. 2007) (quoting *Coury*, 85 F.3d at 249); *accord Brown v. Mut. of N.Y. Life Ins. Co.*, 213 F. Supp. 2d 667, 669 n.1 (S.D. Miss. 2002).

Here, State Farm has provided the affidavit of Mark Schwamberger ("Schwamberger"), Assistant Secretary of State Farm Lloyds, Inc. ("Lloyds, Inc.") and Assistant Vice President of Accounting for State Farm Mutual Automobile Insurance Company. Schwamberger's affidavit verifies that State Farm is a "Lloyd's plan" insurer. A "Lloyd's plan" insurer is a special type of unincorporated business entity that consists of a group of underwriters who join together to sell insurance through an attorney-in-fact or other representative. TEX. INS. CODE §§ 941.051–941.052; *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 572 n.1 (5th Cir. 2006);

Case 4:19-cv-00119-SDJ-KPJ   Document 156   Filed 07/22/20   Page 20 of 25 PageID #:  3879

Simon v. State Farm Lloyds, Not Reported in Fed. Supp. (2017)

*Royal Ins. Co. of Am. v. Quinn–L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 511 U.S. 1032 (1994). The citizenship of a Lloyd's plan insurer, like all unincorporated associations, is determined by the citizenship of its members. *Royal Ins. Co. of Am.*, 3 F.3d at 882; *Cronin v. State Farm Lloyds*, No. H–08–1983, 2008 WL 4649653, at *2 (S.D. Tex. Oct. 10, 2008); *Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998). The "members" of a Lloyd's plan insurer are its underwriters. *Royal Ins. Co. of Am.*, 3 F.3d at 883; *Cronin*, 2008 WL 4649653, at *2; *Massey*, 993 F. Supp. at 570. Schwamberger's affidavit establishes that each of State Farm's underwriters is a citizen of either Illinois, Virginia, Pennsylvania, or Florida. Because no State Farm underwriter is a citizen of Texas, State Farm is not a citizen of Texas, and Plaintiffs' first argument fails. [1]

### C. Fraudulent/Improper Joinder of Tousant

**\*3** Notwithstanding State Farm's diverse citizenship, complete diversity may be lacking in this case because Tousant is a citizen of Texas. Therefore, to establish the existence of diversity jurisdiction, State Farm must show that Tousant was improperly or fraudulently joined as a defendant to this action. *See Crockett*, 436 F.3d at 532; *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 307–08 (5th Cir. 2005); *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 224–25 (5th Cir. 2005), *cert. denied*, 549 U.S. 811 (2006); *Heritage Bank*, 250 F.3d at 323; *Hart*, 199 F.3d at 246. "The removing party bears the heavy burden of proving that non-diverse defendants have been fraudulently joined to defeat diversity, either by showing that (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court." *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *accord Gasch*, 491 F.3d at 281; *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *Holder v. Abbott Labs., Inc.*, 444 F.3d 383, 387 (5th Cir. 2006); *Guillory*, 434 F.3d at 308–09; *McDonal*, 408 F.3d at 183; *Melder v. Allstate Corp.*, 404 F.3d 328, 330 (5th Cir. 2005); *Smallwood v. Ill. Cent.*

*R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), *cert. denied*, 544 U.S. 992 (2005).

A determination of fraudulent joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994). Where the defendant maintains that federal jurisdiction is proper, the court must evaluate all the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff, and then examine relevant state law and resolve all uncertainties in favor of the nonremoving party. *See Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462–63 (5th Cir. 2003), *cert. denied*, 546 U.S. 813 (2005); *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *Hart*, 199 F.3d at 246. Furthermore, the " 'court must normally assume all the facts as set forth by the plaintiff to be true.' " *Burden*, 60 F.3d at 217 (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983), *cert. denied*, 464 U.S. 1039 (1984)).

"A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type analysis." *McDonal*, 408 F.3d at 183 n.6; *see also Boone*, 416 F.3d at 388 ("A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6)."); *Smallwood*, 385 F.3d at 573. If a plaintiff can survive a Rule 12(b)(6)-type challenge, there is generally no improper joinder. *Guillory*, 434 F.3d at 309; *Smallwood*, 385 F.3d at 573. "That said, there are cases, hopefully few in number, in which the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573 (citing *Badon v. RJR Nabisco*, 224 F.3d 382, 389 n.10 (5th Cir. 2000)); *accord Guillory*, 434 F.3d at 309. The court, however, must carefully distinguish an attack on

the overall merits of the case from a showing that defendants were improperly joined in order to defeat diversity. *See* *Smallwood*, 385 F.3d at 573 ("[T]he focus of the inquiry must be on the joinder, not on the merits of the plaintiff's case."); *see also* *Gasch*, 491 F.3d at 284 ("[A] meritless claim against an in-state defendant is not the equivalent of improper joinder."); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 546 (5th Cir. 1981) ("[D]istrict courts must not 'pre-try' substantive factual issues in order to answer the discrete threshold question of whether the joinder of an in-state defendant is fraudulent.").

***4** To prove the existence of fraudulent joinder, the removing party must demonstrate that there is no possibility that the plaintiff could establish a cause of action against the non-diverse defendant in state court. *See* *Gasch*, 491 F.3d at 281; *Larroquette*, 466 F.3d at 374; *Holder*, 444 F.3d at 387; *Guillory*, 434 F.3d at 308; *Melder*, 404 F.3d at 330; *Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d at 648; *Great Plains Trust Co.*, 313 F.3d at 312. "In evaluating a claim of fraudulent joinder, we do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997), *cert. denied*, 523 U.S. 1072 (1998); *see* *Guillory*, 434 F.3d at 308–09; *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996); *Burden*, 60 F.3d at 216. " 'If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham ... and is not fraudulent in fact or in law.' " *B., Inc.*, 663 F.2d at 550 (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968)); *accord* *Travis*, 326 F.3d at 647. "This possibility, however, must be reasonable, not merely theoretical." *Great Plains Trust Co.*, 313 F.3d at 312 (citing *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)); *accord* *Boone*, 416 F.3d at 388; *Gray ex rel. Rudd v. Beverly Enters.–Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004); *Travis*, 326 F.3d at 648. " 'If there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," then there is no fraudulent joinder,' " and the case must be remanded for lack of diversity. *Great Plains Trust Co.*, 313 F.3d at 312 (quoting *Badon*, 236 F.3d at 286 (quoting *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993))); *see* *Gray*, 390 F.3d at 402; *Smallwood*, 385 F.3d at 589–90; *Sid Richardson Carbon & Gasoline Co.*, 99 F.3d at 751.

In assessing whether a plaintiff could possibly establish a claim against a non-diverse defendant, the court must apply the law of the state in which the action was brought—in this case, Texas. *See* *Travis*, 326 F.3d at 647; *Hart*, 199 F.3d at 247. "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999); *see* *Burden*, 60 F.3d at 218–21. This means that "a controlling state court petition that successfully alleges a recognized cause of action but fails to also allege facts giving notice of *how* the defendant's conduct gives rise to the asserted liability lacks the required specificity." *First Baptist Church of Mauriceville v. Guideone Mut. Ins. Co.*, No. 1:07–CV–988, 2008 WL 4533729, at *4 (E.D. Tex. Sept. 29, 2008) (emphasis in original). "Identifying only what law forms the basis of the complaint, without identifying how a defendant violated that law, proves only that there is a theoretical possibility that a cause of action *could* be stated against the defendant, not that the plaintiff *did* state a cause of action." *Id.* (emphasis in original); *see* *Griggs*, 181 F.3d at 701. Accordingly, "[c]onclusory allegations are insufficient" to show a basis for predicting recovery. *First Baptist Church of Mauriceville*, 2008 WL 4533729, at *4; *see* *Badon*, 224 F.3d at 392–93; *Jernigan*, 989 F.2d at 817.

District courts in Texas differ regarding whether to apply the federal 12(b)(6) standard or the more lenient Texas "fair notice" standard when evaluating the sufficiency of factual allegations for the purpose of determining fraudulent joinder. *Compare* *Escuadra v. Geovera Specialty Ins. Co.*, 739 F. Supp. 2d 967, 976–77 (E.D. Tex. 2010) (applying federal standard), *with* *Edwea, Inc. v. Allstate Ins. Co.*, H–10–2970, 2010 WL 5099607, at *5–6 (S.D. Tex. Dec. 8, 2010) (applying state standard). It appears, however, that the majority of courts which have addressed this issue favor application of the state pleading standard. *Edwea,*

Case 4:19-cv-00119-SDJ-KPJ   Document 156   Filed 07/22/20   Page 22 of 25 PageID #:  3881

Simon v. State Farm Lloyds, Not Reported in Fed. Supp. (2017)

*Inc.*, 2010 WL 5099607, at *5.[2] After reviewing these authorities, the court is persuaded that applying the state pleading standard is the better approach. Because Plaintiffs filed their petition in state court in accordance with Texas pleading standards, it would be unfair to hold them to the more stringent standard of federal court. *Centro Cristiano Cosecha Final, Inc.*, 2011 WL 240335, at *14; *Edwea, Inc.*, 2010 WL 5099607, at *5–6. Accordingly, the court will examine Plaintiffs' petition under the Texas pleading standard to determine whether the allegations therein support a reasonable basis for predicting recovery against the Tousant, leaving any technical defects to be addressed in state court.

*See Murphy*, 2009 WL 1543918, at *5.

**\*5** Texas follows a "fair notice" pleading standard, which requires "a short statement of the cause of action sufficient to give fair notice of the claim involved...." TEX. R. CIV. P. 47; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 230 (Tex. 2004). The purpose of this standard is to provide the opposing party with sufficient information to prepare a defense. *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 616 n.11 (Tex. 2004) (citing *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)). Under this standard, the court examines whether the opposing party can ascertain from the pleadings the nature, basic issues, and the type of evidence that might be relevant to the controversy. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). "[T]he pleadings must be sufficiently adequate so the court is able, from an examination of the pleadings alone, to ascertain with reasonable certainty and without resorting to information from another source, the elements of a plaintiff's cause of action and relief sought with sufficient information upon which to base a judgment." *UMLIC VP LLC v. T&M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 604 (Tex. App.—Corpus Christi 2005, pet. denied) (citing *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979)). Nevertheless, a pleading will be liberally construed in favor of the pleader, and the court should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged. *Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 897; *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993); *see*

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 388 F. Supp. 2d 780, 784 n.4 (S.D. Tex. 2005).

### 1. Plaintiffs' Claims for Breach of Contract and Breach of the Duty of Good Faith and Fair Dealing

Here, Plaintiffs have asserted claims against Tousant for breach of contract and breach of the duty of good faith and fair dealing. In Texas, privity of contract is an essential element for recovery in an action based on a contractual theory. *See Interstate Contracting Corp. v. City of Dallas*, 320 F.3d 539, 543 (5th Cir. 2003); *Norris v. Housing Auth. of City of Galveston*, 980 F. Supp. 885, 892 (S.D. Tex. 1997); *D Design Holdings, L.P. v. MMP Corp.*, —— S.W.3d ——, ——, No. 05–10–00032–CV, 2011 WL 989060, at *3 (Tex. App.— Dallas Mar. 22, 2011, no pet. h.); *Smith v. CDI Rental Equip., Ltd.*, 310 S.W.3d 559, 566 (Tex. App.—Tyler 2010, no pet.). A suit for breach of contract may not be maintained against a person who is not a party to the contract. *See Am. Realty Trust Inc. v. Matisse Capital Partners LLC*, 91 Fed.Appx. 904, 911– 12 (5th Cir. 2003) (citing *Bernard Johnson, Inc. v. Cont'l Const'rs Inc.*, 630 S.W.2d 365, 369 (Tex. App.—Austin 1982, writ ref'd n.r.e.)). Similarly, "in an insurance context, the duty of good faith and fair dealing arises only when there is a *contract* giving rise to a 'special relationship.' " *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994) (emphasis in original). Thus, "the existence of a contract, giving rise to a special relationship, 'is a necessary element of the duty of good faith and fair dealing.' " *Cavallini*, 44 F.3d at 262 (quoting *Natividad*, 875 S.W.2d at 697); *see Griggs*, 181 F.3d at 700.

Here, the parties concede that Tousant is not a party to the underlying insurance contract. Furthermore, Plaintiffs have not alleged any facts suggesting the formation of a separate contract with Tousant that forms the basis of any of their causes of action. Therefore, because no contractual relationship exists between Plaintiffs and Tousant, Plaintiffs have no possibility of prevailing against her for breach of contract or breach of the duty of good faith and fair dealing. *See Silvas v. Ohio Cas. Ins. Co.*, SA–05–CA–0627, 2005 WL 2645015, at *2 (W.D. Tex. Aug. 24, 2005). Accordingly, a finding of fraudulent joinder with regard to these claims is proper.

### 2. Plaintiffs' Claims for Violations of the Texas Insurance Code

Plaintiffs also assert claims for various violations of the Texas Insurance Code. There is no dispute in this case that an insurance adjuster, like Tousant, may be held liable in his or her individual capacity for deceptive or misleading acts in violation of the Texas Insurance Code. *See* *Gasch*, 491 F.3d at 282. Rather, the issue presented is whether Plaintiffs have alleged sufficient facts to support a reasonable basis to predict recovery against Tousant.

**\*6** "Plaintiffs must put defendants on fair notice of the allegations against them, not require defendants to 'glean' the factual basis of such allegations from a list of ambiguous legal conclusions." *Taj Props., LLC v. Zurich Am. Ins. Co.*, No. H–10–2512, 2010 WL 4923471, at *4 (S.D. Tex. Nov. 29, 2010). In the instant case, the court finds that Plaintiffs' allegations regarding Tousant are conclusory and fail to allege any specific conduct that could support a claim for relief under the Texas Insurance Code. *See id.*; *see also* *Griggs*, 181 F.3d at 700–01. Specifically, all of Plaintiffs' factual allegations are grouped indiscernibly against "Defendant," "Defendants," or "State Farm and Tousant." Thus, Plaintiffs' petition does not distinguish Tousant's actions from those of State Farm. *See* *Taj Props., LLC*, 2010 WL 4923473, at *4 ("Allegations merely asserted against 'Defendants,' without alleging what facts are attributed to the adjuster individually as opposed to the insurance company, do not provide a reasonable basis for recovering from the adjuster."). Furthermore, Plaintiffs' factual allegations concerning the purported violations of the Texas Insurance Code are near-verbatim recitals of the statute itself.[3] Plaintiffs do not describe any specific, actionable conduct by Tousant.[4] *See id.* (denying remand in a case involving a petition with nearly identical factual allegations); *see also* *Centro Cristiano Cosecha Final, Inc.*, 2011 WL 240335, at *14 (denying remand where petition "for the most part ... merely tracked the statutory provisions"); *Hayden v. Allstate Tex. Lloyds*, H–10–646, 2011 WL 240388, at *8 (S.D. Tex. Jan. 20, 2011) ("If Plaintiff merely names a non-diverse individual as a party and recites the words of the statute without pointing out facts that establish the claim, the paucity of factual allegations leads to the conclusion that the non-diverse individual has been named merely to defeat diversity.").[5] Finally, even when the court

pierces the pleadings and examines the record as a whole, it finds that both Durwyn and Tanya testified at deposition that they have never met Tousant, have no knowledge of her involvement in their insurance claim, and have no knowledge of any improper conduct on her part with regard to their claim. *See* *Frisby v. Lumbermens Mut. Cas. Co.*, No. H–07–015, 2007 WL 2300331, at *5 (S.D. Tex. Feb. 20, 2007) (finding fraudulent joinder in light of the plaintiff's testimony that the defendant adjuster "never made any untrue statements to him, never failed to tell him an important fact, and never made a statement ... that led him to a false conclusion").

**\*7** Ultimately, Plaintiffs' petition identifies a mere "hypothetical possibility" that causes of action may exist against Tousant. *Griggs*, 181 F.3d at 701; *see* *Centro Cristiano Cosecha Final, Inc.*, 2011 WL 240335, at *3. This does not suffice to establish a reasonable basis for predicting recovery. *Griggs*, 181 F.3d at 701; *Centro Cristiano Cosecha Final, Inc.*, 2011 WL 240335, at *3. Hence, Plaintiffs' petition fails to meet the liberalized notice pleading standards adopted by Texas state courts. *Griggs*, 181 F.3d at 699 ("We cannot say that [the plaintiff's] petition, which mentions [the defendant] once in passing, then fails to state any specific actionable conduct on her part whatsoever, meets even the liberalized requirements that permit notice pleading."); *see* *Centro Cristiano Cosecha Final, Inc.*, 2011 WL 240335, at *14–15; *Hayden*, 2011 WL 240388, at *8. Thus, because Plaintiffs' petition does not assert a viable basis for recovery against Tousant under any theory alleged, the court finds that Tousant was improperly joined to this action.

### III. Conclusion

An evaluation of the relevant facts and controlling law reveals that this court has subject matter jurisdiction over this action and that it was properly removed. Although no federal question is presented, complete diversity of citizenship exists between the parties, as the in-state defendant was improperly joined, and the amount in controversy exceeds $75,000.00. Thus, Tousant's citizenship is disregarded for purposes of removal, she is dismissed as a defendant to this action, and her initial joinder presents no ground for remand.

Accordingly, Plaintiffs' Motion to Remand is DENIED.

Case 4:19-cv-00119-SDJ-KPJ   Document 156   Filed 07/22/20   Page 24 of 25 PageID #:  3883

Simon v. State Farm Lloyds, Not Reported in Fed. Supp. (2011)

**All Citations**

Not Reported in Fed. Supp., 2011 WL 13216963

## Footnotes

1   In support of their position, Plaintiffs point to the Texas Department of Insurance ("TDI") website, which describes State Farm as a "domestic" organization. Regardless of the nominal designation listed on the TDI website, it is well-settled that the citizenship of a Lloyd's Plan insurer such as State Farm is determined by the citizenship of its underwriters. *See Massey*, 993 F. Supp at 570 ("[T]he United States Supreme Court has consistently held for *over one hundred years* that the citizenship of an unincorporated association ... is determined ... solely by the citizenship of its members.") (emphasis in original). Although it is true that State Farm has designated Lloyd's, Inc.—a Texas corporation—as its attorney-in-fact in Texas, an attorney-in-fact is merely an agent for the Lloyd's plan insurer that is "authorized by the underwriters to execute insurance policies and *acts for* those underwriters by doing so." *Royal Ins. Co. of Am.*, 3 F.3d at 882–83 (emphasis in original); *accord Castillo v. State Farm Lloyd's*, 210 Fed.Appx. 390, 393 (5th Cir. 2006). Accordingly, an attorney-in-fact is not a "member" of a Lloyd's plan insurer, and its citizenship is irrelevant for diversity purposes. *Salazar*, 455 F.3d at 572 n.1; *Royal Ins. Co. of Am.*, 3 F.3d at 882–83; *Massey*, 993 F. Supp. at 570.

2   *See also D'Souza v. Peerless Indem. Ins. Co.*, H–10–4431, 2011 WL 285154, at *2 (S.D. Tex. Jan. 25, 2011); *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, H–10–1846, 2011 WL 240335, at *12–14 (S.D. Tex. Jan. 20, 2011); *Rankin Rd., Inc. v. Underwriters at Lloyds of London*, ⸺ F. Supp. 2d ⸺, ⸺, 10–CV–2226, 2010 WL 4007619, at *6 (S.D. Tex. Oct. 12, 2010); *SL FUS of Houston, L.L.C. v. InSightec–TXSonics, Inc.*, H–10–2066, 2010 WL 3984669, at *3 & n.8 (S.D. Tex. Oct. 8, 2010); *Murphy v. Broyhill Indus., Inc.*, 3:08–CV–2092, 2009 WL 1543918, at *4–5 (N.D. Tex. June 2, 2009); *Warren v. State Farm Mut. Auto. Ins. Co.*, 3:08–CV–0768, 2008 WL 4133377, at *4 (N.D. Tex. Aug. 29, 2008).

3   For example, Plaintiffs' petition alleges, "Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence," "Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability," and "Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation."

4   Indeed, Plaintiffs' petition does not even allege that Tousant was the adjuster responsible for processing Plaintiffs' insurance claim. *See Jimenez v. Travelers Indem. Co.*, No. H–09–1308, 2010 WL 1257802, at *4 (S.D. Tex. Mar. 25, 2010) (noting that the petition failed to identify the defendant as the adjuster who denied or delayed the plaintiff's claims); *Bailey v. State Farm Lloyds*, No. H–00–3638, 2001 WL 34106907, at *5 (S.D. Tex. Apr. 12, 2001) ("The complaint does not even make clear that [the defendants] are adjusters employed by State Farm or that they were responsible for processing [the plaintiffs'] claims.").

5   The court notes that some courts within this circuit have found similar factual allegations that closely track the statutory language sufficient to support a reasonable basis for recovery. *See Harris v. Allstate Tex. Lloyd's*, No. H–10–0753, 2010 WL 1790744, at *4 (S.D. Tex. Apr. 30, 2010). In such cases, however, the statutory language is usually supplemented with additional allegations directed at the in-state defendant that clarify the specific conduct constituting the purported violation. *See, e.g., Myers v. Allstate Tex. Lloyd's*, No. 1:10–CV–172, 2011 WL 846083, at *12 (E.D. Tex. Mar. 8, 2011) ("Other courts have concluded

that a non-diverse defendant was not improperly joined on Texas Insurance Code claims when a plaintiff's pleading ascribed specific conduct to the defendant, such as misrepresenting that a policy covers plumbing leaks and thereafter hiring a biased engineer; misrepresenting that a policy provides 100 per cent coverage against mold damage; misrepresenting that defendant was present at plaintiff's home to inspect mold damage and that mold damage did not exceed plaintiff's deductible; and failing to commission a reasonable engineering inspection and indoor air quality investigation of the Plaintiffs' home.") (internal quotations and citations omitted); *D'Souza,* 2011 WL 285154, at *2–3 (petition included allegations that the defendant adjuster "performed perfunctory inspections upon the property which resulted in incomplete and inaccurate assessments of Plaintiffs' damages," "spent an insufficient amount of time—less than one hour—inspecting Plaintiffs' home," and "forced [Plaintiffs] to wait an unreasonable amount of time—approximately one month —before receiving the results of [the] inspection"); *Rodriguez v. Standard Guar. Ins. Co.,* No. HH–10– 3065, 2010 WL 4877774, at *6 (S.D. Tex. Nov. 23, 2010) (statutory language was combined with allegations that the adjuster "only inspected [plaintiffs'] property for ten minutes, wrote a report that failed to include all the damages he noted upon inspection, and severely undervalued the costs of repair and replacement"). No such clarifying allegations regarding Tousant's conduct are presented here.

---

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.

 © 2020 Thomson Reuters. No claim to original U.S. Government Works.