UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOHN S. VANDERBOL III, ET AL. § | |
| § | |
| v. § | CIVIL NO. 4:19-CV-119-SDJ |
| § | |
| STATE FARM MUTUAL AUTO § | |
| INSURANCE COMPANY, ET AL. § | |

**MEMORANDUM ADOPTING IN PART REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the magistrate judge pursuant to 28 U.S.C. § 636. On September 1, 2020, the magistrate judge entered proposed findings of fact and recommendations, (Dkt. #158) (the "Report"), that the Motion to Dismiss Plaintiffs' Third Amended Complaint and Brief in Support, (Dkt. #106), filed by Defendants State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Company, Michael Tipsord, Jon Charles Farney, Randall Houston Harbert, Paul Joseph Smith, and Stephen Michael Wey be granted.

Plaintiffs John S. Vanderbol III and Erica Quinn filed objections to the Report, (Dkt. #161) (the "Objections"),[1] and Defendants filed a response to the Objections,

---

[1] Plaintiffs also filed a Motion for Leave to File a Brief in Support with Plaintiffs' Objection to the Magistrate Judge's Report and Recommendation, (Dkt. #160) (the "Motion for Leave"), wherein Plaintiffs argue that "there are so many errors, omissions, miscites, and erroneous conclusions, the local rule's page limitation places an undue burden on the Plaintiffs." Plaintiffs ask that the Court consider Plaintiffs' twenty-six-page Brief in Support, (Dkt. #161-1), in addition to their Objections. (Dkt. #160). Further, Plaintiffs appear to request oral argument on their Motion for Leave and their Objections. *See* (Dkt. #160). Defendants argue that Plaintiffs' Motion for Leave should be denied because the Brief in Support fails to assert a valid basis for finding error in the magistrate's judge's Report, represents an attempt to "pile even more paper" onto the record, and contains accusations

1

(Dkt. #166). The Court, having reviewed the Report and considered de novo the Objections, is of the opinion that the findings, reasoning, and conclusions of the magistrate judge with respect to Rule 8, (Dkt. #158 at 7–11), are correct and that the Objections to the Report are without merit. The Court therefore adopts in part the findings, reasoning, and conclusion of the magistrate judge, including only the introduction, (Dkt. #158 at 1), the factual and procedural background, (Dkt. #158 at 1–4), and the discussion section concerning Rule 8, (Dkt. #158 at 7–11), which is dispositive of the instant litigation.

## I. BACKGROUND

The factual allegations in this case are set out in further detail by the magistrate judge in the Report and are not reproduced here in their entirety. In their Third Amended Complaint, Plaintiffs brought claims against Defendants for alleged violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, the Texas Deceptive Trade Practices Act ("DTPA"), and fraudulent inducement. (Dkt. #134). Plaintiffs generally allege that Defendants participated in various fraud schemes associated with their promoting and selling insurance policies, causing Plaintiffs' damages. *See generally* (Dkt. #134).

Plaintiffs John S. Vanderbol III and Erica Quinn, proceeding pro se, each filed suit against Defendants State Farm Fire and Casualty Company ("State Farm Fire")

---

against the Court. *See* (Dkt. #168). Upon review of the Objections and the Brief in Support, the Court notes that Plaintiffs object to only some of the magistrate judge's findings in their Brief in Support. *See* (Dkt. #161, #161-1). Out of an abundance of caution, the Court will consider, where necessary, the objections contained in Plaintiffs' Brief in Support. However, the Court declines to hear oral argument on Plaintiffs' Objections. Accordingly, Plaintiffs' Motion for Leave, (Dkt. #160), is **GRANTED in part** and **DENIED in part**.

and State Farm Mutual Auto Insurance Company ("State Farm Auto") on February 13, 2019. (Dkt. #1; Case No. 4:19-CV-120, Dkt. #1). Plaintiffs' original Complaints were each forty-five pages in length and contained over 125 pages of attachments. (Dkt. #1; Case No. 4:19-CV-120, Dkt. #1). On April 2, 2019, Defendants State Farm Fire and State Farm Auto filed a motion to dismiss in each of Plaintiffs' suits, and both Vanderbol and Quinn filed thirty-one-page First Amended Complaints on April 23, 2019. (Dkt. #9, #15; Case No. 4:19-CV-120, Dkt. #9, #15). Defendants State Farm Fire and State Farm Auto then filed their second motion to dismiss in Vanderbol's and Quinn's respective suits on May 3, 2019. (Dkt. #18; Case No. 4:19-CV-120, Dkt. #18). On May 31, 2019, Vanderbol and Quinn each filed a motion for sanctions against Defendants State Farm Auto and State Farm Fire based on Defendants' filing of the motions to dismiss. (Dkt. #26; Case No. 4:19-CV-120, Dkt. #27). On June 7, 2019, Defendants State Farm Auto and State Farm Fire moved to have Vanderbol declared a vexatious litigant. (Dkt. #27).

On June 17, 2019, the magistrate judge consolidated Plaintiffs' suits, (Dkt. #33), denied Plaintiffs' motions for sanctions, (Dkt. #36, #45), and denied Defendants' motion to declare Vanderbol a vexatious litigant, while warning Vanderbol that "sanctions may be imposed for any future vexatious, duplicative, or harassing conduct or filings." (Dkt. #47, #51).

On July 3, 2019, Plaintiffs then filed their seventy-one-page Second Amended Complaint, (Dkt. #39), with over 200 pages of exhibits. (Dkt. #47, #51). On July 12, 2019, Defendants State Farm Fire and State Farm Auto filed their third Motion to

3

Dismiss, (Dkt. #43), and on September 19, 2019, the Individual Defendants filed their motion to dismiss, (Dkt. #72). Plaintiffs responded by filing a seventy-page "Rule 12.1 Civil RICO Case Statement," (Dkt. #73), and 158-page "Plaintiffs' 1st Amended Rule 12.1 Civil RICO Case Statement," (Dkt. #89), seeking to supplement their Second Amended Complaint.

On September 5, 2019, Defendants then filed a Motion for Sanctions, (Dkt. #67), alleging that Plaintiffs continued to make unsubstantiated criminal accusations against Defendants' counsel in filings with the Court. Plaintiffs then filed a motion to disqualify Defendants' counsel, (Dkt. #77), arguing that Defendants' counsel were participants in Defendants' alleged fraud scheme. On October 9, 2019, Defendants filed a Motion to Strike Plaintiffs' Rule 12.1 Civil RICO Case Statement. (Dkt. #83).

On November 4, 2019, the magistrate judge held a hearing to address the parties' various pending motions. (Dkt. #91). During the hearing, the magistrate judge discussed allowing Plaintiffs to amend their complaint for a third and final time and expressly warned Plaintiffs that they needed to state their claims "succinctly." (Dkt. #96). The magistrate judge then entered an order, (Dkt. #92), directing Plaintiffs to file their Third Amended Complaint by November 21, 2019, and to incorporate the arguments set forth in Plaintiffs' Rule 12.1 Civil RICO Case Statements within their Third Amended Complaint. The magistrate judge denied Defendants' motion for sanctions because Plaintiffs agreed to withdraw their filings containing personal attacks against Defendants' counsel, but the Court again warned

Plaintiffs that future bad acts or personal attacks against opposing counsel would not be tolerated. (Dkt. #95, #104). The magistrate judge also denied Plaintiffs' motion to disqualify Defendants' counsel. (Dkt. #97).

On November 21, 2019, Plaintiffs filed their Third Amended Complaint. (Dkt. #99). Plaintiffs' Third Amended Complaint is 383 pages long, with a thirty-five-page brief in support and twenty-six additional pages of exhibits. (Dkt. #99, #99-1, #99-2, #99-3, #99-4, #99-5, #99-6, #99-7, #99-8, #99-9). On November 27, 2019, Plaintiffs again filed a Rule 12.1 Civil RICO Case Statement, (Dkt. #102), which is 128 pages in length. Citing an improperly added party, the Court ordered Plaintiffs to refile their Third Amended Complaint without any references to State Farm Lloyds as a defendant in this matter by February 11, 2020. (Dkt. #123). Plaintiffs failed to file their corrected Third Amended Complaint until April 6, 2020.[2] (Dkt. #134).

On July 21, 2020, the magistrate judge heard oral argument, (Dkt. #153), on the pending motions, including Defendants' most recent Motion to Dismiss, (Dkt. #106), and, on September 1, 2020, the magistrate judge entered the Report, (Dkt. #158), recommending that Defendants' motion to dismiss be granted and that Plaintiffs' claims be dismissed.

---

[2] Plaintiffs filed a Motion for Relief Due to Excusable Neglect, (Dkt. #132), on March 30, 2020, asking the Court to deem Plaintiffs' redacted Third Amended Complaint as timely filed. The magistrate judge granted Plaintiffs' Motion for Relief Due to Excusable Neglect on July 21, 2020. (Dkt. #154).

## II. DISCUSSION

The Report addresses in turn each of Plaintiffs' distinct legal claims—which arise out of RICO, the DTPA, and common-law fraudulent inducement—and whether Plaintiff has adequately pleaded each claim individually. *See* (Dkt. #158 at 11–32). The Report concludes, among other findings,[3] that Plaintiffs' Third Amended Complaint fails to comply with Federal Rule of Civil Procedure 8 because the Complaint is too long, verbose, and confusing to constitute a "short and plain statement of the claim," as required by Rule 8. (Dkt. #158 at 7–11). Plaintiffs contend, among other objections, that the Third Amended Complaint is not confusing and that the Court failed to warn Plaintiffs of the need to comply with Rule 8. *See* (Dkt. #161-1 at 14–15). For the reasons provided below, this order adopts the Report only in part, dismissing Plaintiffs' Complaint in its entirety solely on the basis of the pleadings' violation of Rule 8. *See* (Dkt. #158 at 7–11).

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), "and that each averment be 'concise, and direct,'" FED. R. CIV. P. 8(e)(1). *Scibelli v. Lebanon County*, 219 F.App'x 221, 222 (3d Cir. 2007). Courts have held that the "underlying purpose of Rule 8" is to "[e]liminate prolixity in pleading and to achieve brevity, simplicity, and

---

[3] In addition to recommending the dismissal of Plaintiffs' Third Amended Complaint as violating Rule 8, the Report, relying on Rules 8, 9, and 12(b), concludes that each of Plaintiffs' claims—arising out of RICO, the DTPA, and common-law fraudulent inducement—should be dismissed as inadequately pleaded. *See generally* (Dkt. #158). As explained herein, of the Report's recommended dispositions, this Order adopts only the Report's conclusions regarding Rule 8.

clarity." *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979) (quoting *Knox v. First Sec. Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952)). Accordingly, when a complaint "is not only of an unwieldy length, but . . . also largely unintelligible," *Stephanatos v. Cohen,* 236 F.App'x 785, 787 (3d Cir. 2007), courts in this Circuit—including this Court—have deemed the complaint's dismissal under Rule 8 appropriate. *See, e.g.*, *Rogers v. Penland*, No. 9:03-CV-160, 2004 WL 7330261, at *13 (E.D. Tex. Jul. 28, 2004) (dismissing an eighty-page counterclaim for violating Rule 8); *Jaser v. AT&T Servs. Inc.*, No. 3:18-CV-3429, 2020 WL 1329151, at *5 (N.D. Tex. Mar. 23, 2020) (dismissing a 180-page complaint because it was excessively lengthy and repetitious and thus in violation of Rule 8); *Kulksdahl v. Loyola Univ. New Orleans*, No. 16-2990, 2016 WL 4261732, *1–2 (E.D. La. Aug. 12, 2016) (dismissing a 130-page complaint because it was comprised of "rambling, scattered arguments and factual allegations which unquestionably" violated Rule 8 (citing *Gordon*, 602 F.2d at 745–76)).

And while the complaint of a pro se litigant is held to "less stringent standards than formal pleadings drafted by lawyers," *Johnson v. Dodson*, No. 2:14–CV–00059, 2014 WL 4513380, at *3 (N.D. Tex. Sept. 12, 2014) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)), "[a] litigant's pro se status" does not excuse him or her "for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (internal citations omitted). Additionally, district courts enjoy "great leeway in determining whether a party has complied with Rule 8." *Barnes v. Tumlinson*, 597 F.App'x. 798, 799 (5th Cir. 2015) (per curiam) (quoting *Gordon*, 602 F.2d at 745).

7

Further, while a Rule 8 dismissal is normally without prejudice, *Bennett-Nelson v. La. Bd. of Regents,* 431 F.3d 448, 450 n.1 (5th Cir. 2005), "a dismissal with prejudice [is] warranted" where the Complaint is "of an unwieldy length" and "largely unintelligible." *Stephanatos*, 236 F.App'x at 787; *see also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1217, at 34 (3d ed. 2004) (citing *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376–77 (7th Cir. 2003) (Easterbrook, J.), *cert. denied*, 540 U.S. 968, 124 S.Ct. 450, 157 L.Ed.2d 313 (2003) (after three amended complaints plus one "more definite statement," none of which satisfied Rule 8(a) or 9(b), dismissal with prejudice was warranted); *Strunk v. United States House of Representatives*, 68 F.App'x 233, 235 (2d Cir. 2003) (dismissal with prejudice was proper where prior leave to amend was extended generously and successive pleadings remained prolix and unintelligible)).

Here, while Plaintiffs contend that the Third Amended Complaint is formatted in a linear manner and is therefore not confusing, (Dkt. #161-1 at 13–15), the Court disagrees. The 383-page Third Amended Complaint clearly runs afoul of Rule 8, as it is excessively prolix and thus prejudices both Defendants and the Court. *See, e.g.*, (Dkt. #96 at 16–17). As the Report and this Order note, many and much shorter pleadings—presented in a similarly repetitious, verbose, and confusing manner—have been deemed to violate Rule 8's "short-and-plain-statement" directive. *See supra* pp. 6–7; (Dkt. #158 at 8–9). Additionally, like in *Strunk* and *Garst*, Plaintiffs had numerous opportunities to replead in this case and were urged (to no avail) to do so more succinctly. *See, e.g.*, (Dkt. #96 at 3, 5, 18). In particular, Plaintiffs' Second

8

Amended Complaint, (Dkt. #39), was seventy-one pages with 220 pages of attached exhibits. The magistrate judge expressly warned Plaintiffs that their claims, as pleaded in the Second Amended Complaint, (Dkt. #39), were "not succinctly stated or properly pled." (Dkt. #96 at 3), and that Plaintiffs would be afforded one additional opportunity to amend before the Court would decide on Defendants' motion to dismiss. (Dkt. #96 at 5).

Nevertheless, Plaintiffs' Third Amended Complaint spans 383 pages of largely single-spaced allegations, (Dkt. #134), which is longer and more repetitious still than each of their prior pleadings. Thus, Plaintiffs flatly declined to heed the Court's warnings. For this and the reasons detailed in the Report, (Dkt. #158 at 7–11), Plaintiffs' Third Amended Complaint is dismissed with prejudice under Rule 8. The Court hereby adopts the Report's findings, reasoning, and conclusions regarding Rule 8, (Dkt. #158 at 7–11), and responds below to Plaintiffs' objections thereto.

In their Objections, Plaintiffs fail to distinguish the facts of the instant litigation from the case law cited in the Report, which establishes that shorter (and similarly undigestible) pleadings than Plaintiffs' Third Amended Complaint have been held by courts to violate Rule 8. (Dkt. #158 at 9). Additionally, Plaintiffs fail to present case law where, in analogous instances, courts deemed a complaint of similar nature and length acceptable under Rule 8.

Plaintiffs further contend that Rule 8 should be read together with Rule 9— which imposes heightened pleading requirements for certain claims—to allow for Plaintiffs' lengthy pleadings. (Dkt. #161-1 at 16). However, Rule 9(b)'s requirement

9

that fraud be pleaded with particularity "does not give [litigants] license to evade the less rigid—though still operative—strictures of Rule 8." *Ashcroft v. Iqbal*, 556 U.S. 662, 686–87, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Rule 9 thus cannot rescue a complaint that is plainly violative of Rule 8.

Finally, Plaintiffs claim, in objecting to the Report, that the magistrate judge did not actually warn Plaintiffs against violating Rule 8. (Dkt. #161-1 at 15). Plaintiffs' contention is both immaterial and erroneous. First, the magistrate judge is not required to expressly warn Plaintiffs to comply with the Federal Rules of Civil Procedure, as compliance is expected, and as "[p]ro se litigants are not exempt from compliance with the rules of procedure." *Beard v. Experian Info. Sols., Inc.*, 214 F.App'x 459, 462 (5th Cir. 2007) (per curiam). Second, Plaintiffs cannot credibly allege surprise as they were aware of, and even responded to, Defendants' Rule 8 challenge on more than one occasion. *See, e.g.*, (Dkt. #24 at 11; Dkt. #46-1 at 12; Dkt. #106 at 14). Finally, the magistrate judge warned Plaintiffs at the hearing on November 4, 2019, that their claims, as pleaded in Plaintiffs' Second Amended Complaint, (Dkt. #39), were "not succinctly stated or properly pled." (Dkt. #96 at 3). In view of the facts and law provided above, Plaintiffs' Objections regarding Rule 8 are **OVERRULED**.[4]

---

[4] In their Brief in Support, Plaintiffs accuse the magistrate court of attacking the length of Plaintiffs' Third Amended Complaint by "rolling their eyes in bias alleging the Plaintiffs to be 'vexatious' and 'crazy.'" (Dkt. #161-1 at 5, 5 n.14). The Court rejects Plaintiffs' reckless and unfounded suggestion of bias on the part of the magistrate court. No bias towards Plaintiffs appears anywhere in the record of this case.

10

### III. CONCLUSION

Based on the foregoing, the Report, (Dkt. #158), is hereby adopted in part. Specifically, the Court adopts the Report's introduction, (Dkt. #158 at 1), the factual and procedural background, (Dkt. #158 at 1–4), and the discussion section concerning Rule 8, (Dkt. #158 at 7–11), which is dispositive of the instant litigation.

It is therefore **ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint and Brief in Support, (Dkt. #106), is hereby **GRANTED**, and Plaintiffs' claims are **DISMISSED with prejudice**.

It is further **ORDERED** that Plaintiffs' Objections, (Dkt. #161), are **OVERRULED**.

It is further **ORDERED** that all pending motions or relief not previously granted are hereby **DENIED**.

**So ORDERED and SIGNED this 23rd day of November, 2020.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE