UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN S. VANDERBOL III, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:19-CV-119-SDJ |
| | § | |
| STATE FARM MUTUAL AUTO | § | |
| INSURANCE COMPANY, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the magistrate judge pursuant to 28 U.S.C. § 636. On September 1, 2020, the magistrate judge entered proposed findings of fact and recommendations, (Dkt. #159) (the "Report"), on the Motion for Sanctions and Brief in Support, (Dkt. #120), and Rule 11 Motion for Sanctions and Brief in Support, (Dkt. #126), both filed by Defendants State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Company, Michael Tipsord, Jon Charles Farney, Randall Houston Harbert, Paul Joseph Smith, and Stephen Michael Wey. The Court, having reviewed the Motions and the Report, is of the opinion that the Motions, (Dkt. #120, #126), should each be DENIED.

Plaintiffs John S. Vanderbol III and Erica Quinn filed objections to the Report, (Dkt. #162) (the "Objections"), and Defendants filed a response to the Objections, (Dkt. #167). The Court has undertaken a de novo review of the Objections and is of the opinion that the findings and conclusions of the magistrate judge are correct and

1

the Objections are without merit. The Court hereby adopts the findings and conclusions of the magistrate judge as the findings and conclusions of the Court.

## I. BACKGROUND

The background of this case is set out in further detail by the magistrate judge in the Report and is not reproduced here in its entirety. Plaintiffs brought this suit on February 13, 2019, asserting claims against Defendants for alleged violations of the Racketeering Influenced and Corrupt Organizations ("RICO") Act, the Texas Deceptive Trade Practices Act ("DTPA"), and fraudulent inducement. (Dkt. #1, #134).

On June 7, 2019, Defendants filed their first motion for sanctions, requesting that the Court declare Plaintiff Vanderbol a vexatious litigant. (Dkt. #27). In addressing the motion, the magistrate judge found:

> To date, Vanderbol has filed harassing personal attacks on opposing counsel. *See* Dkts. 26, 29. Vanderbol is cautioned that he may be sanctioned for future abusive litigation practices, including the continued use of opposing counsels' names and any personal attacks. *See Arumugam v. William Marsh Rice University, Amazon.com, Inc.*, 2014 WL 12599640, at *4 (S.D. Tex. Feb. 6, 2014) (imposing sanctions where a plaintiff levied "numerous ad hominem attacks against counsel for Defendants"). Though Vanderbol's conduct in this case has not risen to the prevalence and level of harassment to warrant a pre-filing injunction, the Court finds it appropriate to warn Vanderbol that sanctions may be imposed for any future vexatious, duplicative, or harassing conduct or filings. *See Flores v. Attorney General*, 2015 WL 1088782, at *4 (E.D. Tex. Mar. 4, 2015) (warning a plaintiff against future harassing filings). At this time, the Court finds a warning is adequate; however, future bad acts may result in additional and/or alternative sanctions.

(Dkt. #47 at 7). The Court adopted the magistrate judge's recommendation on August 13, 2019. (Dkt. #51).

On September 5, 2019, Defendants filed their second motion for sanctions, wherein Defendants argued that Plaintiffs filed documents containing personal attacks against Defendants' counsel and allegations that Defendants' counsel engaged in criminal activity. (Dkt. #67). In addressing Defendants' second motion for sanctions, after having held a hearing on the motion, (Dkt. #91), the magistrate judge recommended against sanctioning Plaintiffs because "Plaintiffs agreed to withdraw all derogatory references to Defendants' counsel and/or any allegations that Defendants' counsel participated in criminal activity in their case filings." (Dkt. #95). The Court adopted the magistrate judge's recommendation as to Defendants' second motion for sanctions on December 9, 2019. *See* (Dkt. #104).

On January 21, 2020, Defendants filed another motion for sanctions, arguing that the Court should use its inherent power to sanction Plaintiffs for secretly recording a meeting with Defendants' counsel, sending a complaint letter regarding allegations of unethical behavior to Defendants' counsel's firm, and continuing to file documents containing accusations against Defendants' counsel. (Dkt. #120). Plaintiffs, in turn, failed to file a response to Defendants' Motion for Sanctions.

On February 25, 2020, Defendants filed an additional, Rule 11 Motion for Sanctions, arguing that Plaintiffs should be sanctioned for making allegations without evidentiary support that Defendants' counsel and Defendants engaged in criminal conduct. (Dkt. #126). On March 30, 2020, Plaintiffs filed a response to the Rule 11 Motion for Sanctions. (Dkt. #130).

On July 21, 2020, the magistrate judge heard oral argument regarding Defendants' Motion for Sanctions and Rule 11 Motion for Sanctions. (Dkt. #153). In the Report, the magistrate judge recommended against sanctioning Plaintiffs. *See* (Dkt. #159).

## II. DISCUSSION

Plaintiffs make clear in the Objections that they "do not object to this [Report]'s conclusion that the Plaintiffs should not be sanctioned but object to the Report['s] contents and omissions." (Dkt. #162). Plaintiffs argue that the Report erred because: (1) the Report failed to accept the allegations in Plaintiffs' Complaint as true; (2) the Report oversimplified and misrepresented the facts involved in this dispute; (3) Defendants' Motion for Sanctions was frivolous; (4) the Report misrepresented the magistrate judge's warning to Plaintiffs regarding personal attacks against Defendants' counsel; (5) the Report omitted statements made by Defendants' counsel on the recording; and (6) the Report omitted context for Vanderbol's statements to Defendants' counsel on the recording. (Dkt. #162).

In resolving objections, "[t]he district judge must determine de novo any part of the magistrate judge's *disposition* that has been properly objected to." FED. R. CIV. P. 72(b)(3) (emphasis added). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. All of Plaintiffs' objections are irrelevant to the disposition of Defendants' Motion for Sanctions and Rule 11 Motion for Sanctions. Rather, Plaintiffs emphasize that they do not object to the Report's ultimate finding

4

that Plaintiffs should not be sanctioned. *See* (Dkt. #162). Accordingly, Plaintiffs' Objections to the Report are **OVERRULED**.

### III. CONCLUSION

Based on the foregoing, Plaintiffs' Objections, (Dkt. #162), are **OVERRULED**. Thus, Defendants' Motion for Sanctions and Brief in Support, (Dkt. #120), and Defendants' Rule 11 Motion for Sanctions and Brief in Support, (Dkt. #126), are hereby **DENIED**.

**So ORDERED and SIGNED this 23rd day of November, 2020.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE